Amaziah D. Davis

*v.*

Lucy Kennedy *et al.*

*Filed at Mt. Vernon January 31, 1883.*

1. Consideration—*for deed by father to his daughter.* Where a father, while not indebted, made a voluntary deed to his daughter of a tract of land, for natural love and affection, and the daughter afterward consented to his selling and conveying the same in consideration of his agreement to convey her another tract, or to pay her for the land so sold, and he afterwards, while

he may have been indebted, attempted to convey to her the other tract, but by a mistake in drafting the deed the land was described as in a different township from the true one, it was *held*, as against a purchaser from the assignee in bankruptcy of the father, of that tract, that the second deed to the daughter was founded upon a valuable consideration, and might be reformed in equity as against the purchaser, he having notice of her equities before his purchase.

2. FRAUDULENT CONVEYANCE—*fraud must be shown.* Where a deed is alleged to be fraudulent as to creditors of the grantor, fraud must be proved. A voluntary deed made by a father to his daughter, at a time when no indebtedness is shown against him, and when, for aught appearing, he was perfectly solvent, is good and valid, and a second conveyance made by him to her for another tract in case of her relinquishing her right and estate in the land first conveyed, and allowing the father to sell the same and receive the proceeds, being founded upon a valuable consideration, is not fraudulent as to creditors of the father having claims against him when the same is made.

3. FORMER ADJUDICATON—*when no bar.* Where land is sold and conveyed by deed, which, by mistake, misdescribes the land, and it is sold by the grantor's assignee in bankruptcy, the refusal of a motion in the District Court of the United States to set aside the assignee's sale and deed for the reason the bankrupt had no title to the land sold, is no bar to a bill in equity by the grantee in the first deed to have his deed reformed and the mistake therein corrected, and to enjoin the execution of a judgment in ejectment recovered by the purchaser at the assignee's sale, the questions involved in the motion and the bill not being the same.

WRIT OF ERROR to the Circuit Court of Massac county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for the plaintiff in error:

Where facts like those in this case appear in evidence, a presumption of fraud is established, and it devolves upon the purchaser to prove that he has paid the purchase money for the land. *Kiser* v. *Houston*, 38 Ill. 252; *Draper* v. *Draper*, 68 id. 17; *Brown* v. *Welsh*, 18 id. 343; 1 Story's Eq. Jur. secs. 349–351, 425.

A voluntary executory agreement will not be enforced in equity. *Bunn* v. *Wenthrop*, 1 Johns. Ch. 329.

In this case, the consideration of the second deed was a precedent debt of the grantor, which is not sufficient as against creditors. *Metropolitan Bank* v. *Godfrey et al.* 23 Ill. 579.

The continuing of possession of land by the grantor, and receiving the rents and profits for several years after a conveyance to his daughters, is a badge of fraud. 1 Smith's Leading Cases, 50; *Hildreth* v. *Sands,* 2 Johns. Ch. 46; *Story* v. *Arden,* 1 id. 266.

Of the kind and sufficiency of the evidence to justify the reformation of a deed for a mistake: *Shelburne* v. *Inchiquin,* 1 Bro. Ch. 347; *Lyman et al.* v. *United States Ins. Co.* 2 Johns. Ch. 30; *Shay* v. *Pettes,* 35 Ill. 360; *Cleary* v. *Babcock,* 41 id. 271; *Hunter* v. *Bilyeu,* 30 id. 228; *Minor* v. *Hess,* 47 id. 170; *Sowerby* v. *Arden,* 1 Johns. Ch. 240.

A mistake on one side only may be grounds for rescinding, but not for correcting, an agreement. *Sutherland* v. *Sutherland,* 69 Ill. 481; *Wilson* v. *Byars,* 77 id. 66.

Mr. J. C. Courtney, for the defendants in error:

The burden of proof rests upon him who alleges a deed to be fraudulent as to creditors. *Hatch* v. *Jordan,* 74 Ill. 414; *Shinn* v. *Shinn,* 91 id. 477.

The rule is well settled that creditors can not complain, even though they may have been hindered in the collection of their demands. *Hessing* v. *McCloskey,* 37 Ill. 352; *Miller* v. *Kirby,* 74 id. 242.

The mere fact of indebtedness at the time of the execution of a voluntary conveyance by a father to a child will not render it fraudulent, where he is not insolvent, or the facts are not such as to justify a presumption of insolvency. *Merrell et al.* v. *Johnson et al.* 96 Ill. 224; *Moritz* v. *Hoffman,* 35 id. 553; *Patrick* v. *Patrick,* 77 id. 556; *Tunison* v. *Chamblin,* 88 id. 378; *Carr* v. *Breese,* 81 N. Y. 584.

If it is true, as contended by counsel for plaintiff in error, that Kennedy was in the actual and notorious possession of this land as his homestead, being the head of a family, he had the right to give it to his daughters free from the claims of his creditors, as the land was not subject to the payment

of his debts. *Hartwell* v. *McDonald*, 69 Ill. 293; *Miller* v. *Kirby*, 74 id. 242; *Delashment* v. *Trau*, 44 Iowa, 613.

A purchaser informed of an equity depending on a fact *in pais*, can not fall back on the records, and in that way relieve himself from inquiry. *Baker* v. *Bliss*, 39 N. Y. 79; *Blatchly* v. *Osborn*, 33 Conn. 266; *Randall* v. *Silverthorn*, 4 Barr, 473.

Where a person has been, before purchasing, informed of the equities of a third person, he should make inquiry of such person, and if he does not, he is chargeable with notice. Dart on Vendors, ch. 111, sec. 1, p. 88; *Ehley* v. *Witherow*, 7 Watts, 164; *Nute* v. *Nute*, 41 N. H. 160; *Bunting* v. *Ricks*, 2 Dev. & Bat. Ch. 130; *Russell* v. *Petrie*, 10 B. Mon. 186.

As to what is *res judicata*, see *Love* v. *Truman*, 10 Ohio St. 45; *Vallandingham* v. *Ryan*, 17 Ill. 25; *Miller* v. *McManus*, 57 id. 126; *Smalley* v. *Eddy*, 19 id. 207; *Campbell* v. *Butts*, 3 Conn. 173; *Foster* v. *The Richard Busteed*, 100 Mass. 409; *Perry* v. *Lewis*, 49 Mich. 443.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, filed by defendants in error, to enjoin the further prosecution of an ejectment suit by plaintiff in error, and to reform and correct a mistake in a deed of conveyance for the eighty-acre tract in controversy.

It appears that in the year 1865, John R. Kennedy gave and conveyed to his three daughters a forty-acre tract of land, but the deed was never recorded. Some time afterward, one Fulmer wished to purchase this forty-acre tract, with some other lands, when it was agreed between the father and daughters that he should sell the lands and convey to them other lands, or pay them the worth of their land in money. The sale was made. In the month of October, 1866, he executed a deed to them for an eighty acres of land, but it was described as the land in controversy, except as being in a different township, and it is claimed that by mistake the scrivener inserted the wrong township, when the intention

was to convey the land in controversy. In the month of July, 1868, Yost was appointed assignee in bankruptcy of Kennedy, on a petition he had previously filed for the purpose of being declared a bankrupt. On the 15th day of November, 1868, Yost, the assignee, sold this land, and plaintiff in error became the purchaser and received a deed, and subsequently brought ejectment, and recovered a judgment for the land, and this bill was filed to enjoin further proceedings in that case, and to correct the alleged mistake in the deed. On a hearing, the court below granted the relief sought, and Davis brings the case to this court and seeks a reversal of the decree.

It is urged for a reversal that the conveyance from Kennedy to his daughters was voluntary, and for the purpose of defrauding creditors; that the evidence is insufficient to establish a mistake in the deed from Kennedy to his daughters, and that Davis had no notice of the mistake when he purchased. These are the main grounds relied on for a reversal.

That the first deed for the forty-acre tract was voluntary, can not be controverted, but, being made for natural love and affection, and for a small pecuniary consideration, it was effectual to pass the title to the grantees, and they thereby became fully invested with the title. The property and title to it were in them. When, therefore, they consented to its being sold by their father, and he to receive the consideration, and they to take money or other real estate in exchange, that formed a consideration for the conveyance of the eighty-acre tract in controversy. If, then, there was an effort to convey the land by Kennedy to his daughters, and the effort was defeated by mistake, there was an ample consideration to support the transaction, and defendants in error have the right to have the mistake corrected if established by the evidence, and other and superior equities have not intervened to preclude the correction and reformation of the deed. It is contended on one side that the evidence is ample, but this is

denied on the other.   On a careful examination we regard the
evidence of the mistake as sufficient,—as full as the case
could admit of,—and if not conclusive, certainly strong and
convincing.

The evidence that plaintiff in error had notice that defend-
ants in error claimed the title, is clear and satisfactory.   He
was notified by the father, and he proposed to the father that
the daughters execute him a mortgage on the land, to secure
what their father owed him, and he would give long time
for its payment.   He was told by others that defendants in
error claimed to own the land.   This was before the sale, and
when it was progressing bidders were notified that whoever
became the purchaser would buy a law suit, and Armstrong
said at the sale that he would file a bill to correct the mistake
in the deed, as testified to by McCartney, and that Armstrong
spoke loud enough to have been heard by plaintiff in error.
He admits that he had heard rumors that defendants in
error owned the land, but claims to be protected because he
searched the records and found no conveyance to them for
this land, and denies that he heard the statement proved to
have been made at the sale.   Yost swears that he heard the
statement made that the purchaser would get no title, and,
all the evidence considered, we think it largely preponder-
ates to establish notice, not only that defendants in error
claimed the title, but there was a mistake, and a suit would
be brought to correct the mistake.   Armstrong so stated in
the presence and hearing of defendants in error, and others
heard the statement who were not so near Armstrong as Davis,
and he must have heard it.   This, then, was notice of the
secret equity of defendants in error, and plaintiff in error
must be charged by it.   This case, in many of its features,
is like the case of *Hankinson* v. *Barbour*, 29 Ill. 80.   It is
almost precisely the same as to the number of witnesses, and
their testimony on the question of notice.   Here, as there,
we must give credence to the evidence of the witnesses of

20—105 Ill.

defendants in error, rather than the testimony of plaintiff in error.

It is however urged, that Kennedy was guilty of a fraud on his creditors in conveying this property to his daughters. When fraud is alleged it must be proved, and in this case plaintiff in error has failed to establish the fraud. The first of these conveyances, and the land therein conveyed, was the consideration given for the conveyance attempted to be made in this case. It was some three years before Kennedy's bankruptcy. Nor was the claim of plaintiff in error then in existence, nor does it appear that any debts he owed when he was declared a bankrupt, existed at the time the first conveyance was made. He, so far as this record shows, was then entirely solvent, and if so, he had the legal right to convey this property to his daughters. If he was then solvent, no one had the right to question the transaction. If he was solvent, his daughters took by that conveyance free from all claims that subsequently accrued against their father. Nor was it a fraud for them to exchange that land with their father for this, although he might have owed debts when this latter deed was executed. Others could have purchased this land from the father on a sufficient consideration paid, and the daughters unquestionably had the same right, and they exercised it, and the law will protect them in their purchase.

It is likewise urged that the question is *res judicata*, and the decree is therefore erroneous. We fail to perceive that the motion to set aside the sale in the District Court of the United States, on the ground that Kennedy was not, but defendants in error were, the owners of the land, should be given that effect. The proceeding was not to reform the deed or to enjoin defendants in error from asserting title to the land. That question was not involved, but it, whatever its form, was a motion to set aside the sale. The court, no doubt, found there was a disputed title, and prop-

erly left the purchaser and defendants in error to settle it by appropriate litigation in the proper courts. The title stood of record in the name of the bankrupt, and that being the case, it was proper that it be sold, and it was not an appropriate proceeding to reform the deed or to settle the title, hence the court did neither, but simply dismissed the motion. That proceeding falls far short of an adjudication of the question being litigated in this case. There is, therefore, no just claim that the questions here litigated were there determined. There, the object and direct purpose was to have the sale disapproved and set aside. Here, the purpose is to have this deed reformed, and the mistake corrected, and the assertion of title under the assignee's deed be enjoined. So it fails of an estoppel, because the questions decided, and necessary to be decided, are not the same. That court, on that petition and motion, could not have declared that defendants in error were not entitled to the relief they seek in this case, because no such question was presented or before that court. We are not warranted in presuming that court did what it was not authorized to do, on the record as it then stood, nor was it asked, nor do we suppose it intended so to do. We must therefore hold that this proceeding is not barred by a former adjudication of the same questions now litigated.

These are the only questions we deem it necessary to consider in this case, and perceiving no error in the record the decree of the court below is affirmed.

*Decree affirmed.*