# WILLIAM G. LANCASTER
*v.*
## TAYLOR A. SNOW.

*Opinion filed February 19, 1900—Rehearing denied April 6, 1900.*

1. EQUITY—*on bill to carry out a former decree, court may look into original case.* Upon the filing of a bill to carry a former decree into execution the court may look into the original case to determine whether the former decree is equitable and just, and may grant or refuse relief according to such determination.

2. JURISDICTION—*when jurisdiction of defendant in foreclosure cannot be denied.* A party to a foreclosure proceeding who is returned by the sheriff as served with summons and whose appearance is entered by attorneys who filed an answer, cannot, in a subsequent proceeding to enforce the foreclosure decree, deny jurisdiction of his person in that suit.

3. ACTIONS AND DEFENSES—*when judgment in forcible detainer does not bar bill to enforce decree.* A judgment in forcible detainer in favor of the defendant is not a bar to a bill by the unsuccessful plaintiff to enforce a former foreclosure decree through which he derived title, where the only defense to the enforcement of such decree is an alleged want of service of summons on defendant in the foreclosure suit, which is denied by the record of that suit.

4. SAME—*bill to enforce former decree is not a new suit.* A bill to enforce a former decree by means of a writ of assistance is not a new suit but an incident to the original suit.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

C. M. HARDY, for plaintiff in error.

HENRY D. BEAM, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On the seventh of December, 1876, a bill to foreclose a mortgage was filed against one Cleaver and this plaintiff in error and others. The mortgage was given to secure a note for $5000, dated May 3, 1871. Cleaver and the plaintiff in error appeared by their attorneys and filed answers, to which replication was filed. The cause was

referred to a master, who took testimony and made a re-
port, on which a decree of foreclosure was entered, under
which decree a sale was had, and one Sophia H. Perry
became the purchaser of certain property involved in
the litigation in the case now before the court.   Subse-
quently a master's deed was made to .Sophia H. Perry,
dated June 28, 1881, which was recorded August 9, 1881.
She made a quit-claim deed on May 21, 1886, which was
recorded May 25, 1886, by which she conveyed all her in-
terest to the defendant in error.   On November 8, 1894,
the defendant in error filed his bill, setting up the facts of
the decree, sale, and quit-claim deed to him, and asking
that the court would enter a decree awarding him pos-
session of the premises so sold under such former decree.
To this bill a demurrer was interposed and sustained.
The defendant in error filed an amended bill, in which
he alleged causes for delay, and alleged, among other
things, a suit in forcible entry and detainer, and a trial
thereof, which resulted in a judgment adverse to him,
and praying for the enforcement of the decree of sale
under the decree of foreclosure and the awarding of a
writ of assistance.   The plaintiff in error answered the
amended bill, to which answer a replication was filed.
A hearing was had, and a decree was entered in accord-
ance with the prayer of the amended bill, from which
the plaintiff in error sues out this writ of error.

By his answer to the bill, filed in 1894, the plaintiff in
error denies that he was served with summons in the bill
to foreclose the mortgage, and denies that he entered
appearance in that case.   Whilst admitting that it ap-
pears an answer was filed by certain attorneys in his
name, he denies that he employed those attorneys or in
any way authorized them to appear for him in said cause.
He further alleges that in the month of April, 1870, he
purchased the premises, for which a writ of assistance
is asked for in this case for the purpose of putting the
defendant in error in possession, from one Cleaver, and

took a bond for a deed, which he failed to have recorded. Before such bond for a deed was recorded, a short time after its execution, the said Cleaver (so plaintiff in error claims) sent to him requesting a return of the bond that he might make a correction thereof. Plaintiff in error complied with that request and returned the bond to Cleaver. After the execution of the bond above mentioned, plaintiff in error promptly commenced the erection of a house on the premises in the bond described, and was engaged in its construction at the time Cleaver requested a return of the bond, and was in the open, visible and exclusive possession of the premises when such bond was so returned to Cleaver and until a new bond was made out by Cleaver and sent to him. During the time that Cleaver was in possession he executed a note and mortgage, being the note and mortgage under which the decree of foreclosure was had. The mortgage described certain premises, and included in the description of the mortgaged premises those involved in this litigation, and on which the plaintiff in error was engaged in the construction of his house at the time of the execution of the note. The answer of the plaintiff in error to the bill in this case further sets up that defendant in error instituted a proceeding against him in forcible detainer to recover possession of the premises, which, on final adjudication, resulted in a verdict for defendant, and the court overruled the motion for a new trial and entered judgment on behalf of defendant.

The plaintiff in error moved the court for a trial by jury of certain issues of fact, among which were: First, was the chancery summons in the foreclosure suit served on plaintiff in error; second, were the attorneys, or either of them, who appeared and acted for plaintiff in error empowered or authorized so to do by him; third, was plaintiff in error ever advised of or did he know of said cause having been commenced until after sale made on foreclosure; fourth, was the plaintiff in error in posses-

sion of the property in controversy at the time that suit was begun, and has he remained so since. The motion to submit these propositions to the jury was denied.

Since the opinion was filed in *Wadhams* v. *Gay*, 73 Ill. 415, the rule has been in this State that where an original bill is filed asking for a decree to carry a former decree into execution, the court may look into the original case and see if the former decree is equitable and just, and if it is not, may refuse to enter a decree to enforce and carry it out. That case is authority for the rule that an original bill may be filed to procure a decree to carry a former decree into execution. This latter principle is sustained by *Oberein* v. *Wells*, 163 Ill. 101.

Of the matters set up in the answer as a reason why the enforcement of this decree would be unjust and inequitable, it is insisted that there was no service of summons in the original bill for foreclosure, on the plaintiff in error. The return of the sheriff on the summons and the findings in the decree of foreclosure state that the plaintiff in error, the defendant therein, was duly served. It is in rare cases that the return of the officer can be contradicted in other than a direct proceeding by suit against the officer for a false return. If some portion of the record in the same case contradicts the return, then the sufficiency of the return may be questioned, or it may be done by evidence *dehors* the record where the rights of third persons have not attached. Where, in the decree, the court finds that there was due service of process, that finding is binding where the interest of third persons has attached. Neither can the return of the sheriff or the finding in the decree that there was due service be impeached alone by the oath of the person on whom the service appears to have been made. *Rivard* v. *Gardner*, 39 Ill. 125; *Brown* v. *Brown*, 59 id. 315; *Botsford* v. *O'Conner*, 57 id. 72; *Russell* v. *Baptist Theological Union*, 73 id. 337; *Barnett* v. *Wolf*, 70 id. 76; *Harris* v. *Lester*, 80 id. 307; *Hunter* v. *Stoneburner*, 92 id. 75.

The appearance of attorneys in said case for plaintiff in error, and the filing of his answer therein, is such an entry of appearance as *prima facie* would give the court jurisdiction over him. The jurisdiction of the court over his person conclusively appearing, it was incumbent on him to answer, setting up his rights, and inasmuch as he answered without setting up any fraud on the part of Cleaver, and a finding was made in the decree that the complainant in the bill was entitled to have a decree of foreclosure, all questions with reference to the parties were settled.

Under the averments of the answer in this case nothing inequitable or unjust appears in the original decree for foreclosure, and no reason exists why an original bill may not be filed to have a decree to carry that former decree into execution. The judgment in favor of plaintiff in error in the forcible detainer proceeding is no bar to the entry of a decree on an original bill, in which it is sought to have a decree to carry into execution the former one. The judgment in forcible detainer in favor of plaintiff in error may have resulted from want of demand or the insufficiency of notice, and in such case it cannot preclude the right to possession adjudicated on a direct proceeding.

The application for a writ of assistance to carry out a decree of a court of equity is not the institution of a new suit, but an incident to the original suit, which may be had to carry out a decree previously entered, and it is not barred by such forcible detainer proceedings and judgment. (*Cochran* v. *Fogler*, 116 Ill. 194; *Vahle* v. *Brackenseik*, 145 id. 231.) A forcible detainer suit in such case not being a bar to a writ of assistance under the original decree, it could not bar a right to a decree to carry into effect that original decree.

There was no issue under the pleadings in this case as to whether the plaintiff in error was in possession of the property at the time of filing either of the bills, or since,

and hence it was not proper to make an issue out of chancery on that question.

The other three propositions which were asked to be submitted to a jury did not present propositions which should have had an issue out of chancery made. The case was one properly cognizable in equity, and it is entirely discretionary whether it will or will not submit an issue of fact to a jury, except in case of fraud.

We find no error in the decree awarding the writ of assistance, and it is affirmed.              *Decree affirmed.*