HARRY C. TEEL *et al.*

*v.*

WILMOTH DUNNIHOO *et al.*

*Opinion filed October 23, 1907—Rehearing denied Dec. 10, 1907.*

1. RES JUDICATA—*when decision on former appeal is not res judicata.* A decision by the Supreme Court to the effect that a certain decree which found that a deed conveying a life estate had been intended to convey a fee was ineffectual, in so far as it directed the making of a new deed conveying the fee, because there was no title remaining in the grantors which could be conveyed, is not conclusive of the question whether the title to the remainder-men could be divested by reforming the deed so as to strike out the words inadvertently used, which changed the intended grant of a fee simple into a life estate.

2. JUDGMENTS AND DECREES—*rule of estoppel by verdict stated.* Where some controlling fact or question material to the determination of the case has been determined and the same question again becomes a material issue in a subsequent suit between the same parties, its adjudication in the former suit, if properly presented and relied upon, will be conclusive of such fact or question in the subsequent suit, irrespective of whether the cause of action is the same or not.

3. SAME—*the extent to which findings of ineffectual decree are binding upon minors.* A decree rendered by a court having jurisdiction of the subject matter and of the parties, including certain minors, which finds and recites that the words "her bodily heirs" had been inserted by mistake in a deed, but which is ineffectual in that it attempted to divest the title of the remainder-men by requiring the making of a new deed, is binding upon the parties to the suit, and the privies thereto, with respect to its finding that there was a mistake in the deed, and such finding cannot be impeached by the minors as against subsequent *bona fide* purchasers who were not parties to the suit, even though errors intervened in the original suit which the minors might have availed of as against the parties thereto.

4. SAME—*former decree must be equitable and just to authorize its enforcement.* Upon an original bill to carry into execution a former decree, or upon a cross-bill having such end in view, the court will look into the original case and see whether the decree is equitable and just before it will decree its enforcement.

5. SAME—*when the former decree is equitable and just.* Where land is purchased for its fair value and the grantors understand they are selling and the grantee understands she is purchasing a fee simple title, but by a mistake of the scrivener, or otherwise, words are inadvertently inserted which cut down the grantee's title to an estate for life with remainder to "her bodily heirs," it is just and equitable to reform the deed by striking out such words; and upon a subsequent bill by *bona fide* purchasers, who were not parties to the original suit, the original decree may be carried into effect by reforming the deed as against the "bodily heirs," who, though minors, were parties to the original suit.

APPEAL from the Circuit Court of Williamson county; the Hon. A. W. LEWIS, Judge, presiding.

This was a bill in chancery filed by appellants, Harry C. Teel and Nona Teel, (formerly Nona Stocks,) and Elmo Stocks, by his guardian, John Stocks, against the appellees, to partition certain farm lands situated in Williamson county between Nona Teel and Elmo Stocks, who were alleged to be the owners in fee simple thereof, and to impeach and set aside as a cloud upon the title of said Nona Teel and Elmo Stocks a certain decree entered by the circuit court of Williamson county on April 17, 1891, in a suit in chancery then pending in said circuit court, wherein Mary E. A. Stocks and John Stocks, the father and mother of Nona Teel and Elmo Stocks, were complainants, and wherein William L. Henderson and Harriet Henderson (the father and mother of Mary E. A. Stocks) and Nona Stocks were defendants, for fraud and for errors of law appearing upon the face of the record in said chancery suit, and to set aside and cancel as clouds upon the title of Nona Teel and Elmo Stocks a master's deed made to Mary E. A. Stocks in pursuance of the terms of said decree; also to set aside and cancel certain deeds made by Mary E. A. Stocks and her grantees to said lands, through which the parties now in possession of said lands claim title. The court sustained a demurrer to said bill and dismissed the same for want of

equity, and an appeal was prosecuted to this court, where the decree of the circuit court was reversed and the cause was remanded to the circuit court, with directions to overrule the demurrer. *Teel* v. *Dunnihoo,* 221 Ill. 471.

It appears from the averments of the bill filed in this case that Mary E. A. Stocks was a daughter of William L. and Harriet Henderson; that on the 17th day of August, 1886, William L. and Harriet Henderson conveyed to Mary E. A. Stocks and "her bodily heirs" the land in question for $1000; that Mary E. A. Stocks and her husband, John Stocks, immediately moved upon the lands and improved the same and made their home thereon for a number of years; that on February 18, 1891, Mary E. A. Stocks and her husband, and after the birth of their child Nona, and when she was of the age of three years, filed a bill in chancery in the circuit court of Williamson county against Nona Stocks, William L. Henderson and Harriet Henderson for the purpose of having corrected said deed by striking out therefrom the words "her bodily heirs;" that upon the hearing upon said bill the court found that William L. and Harriet Henderson by deed conveyed to said Mary E. A. Stocks and "her bodily heirs," on the 17th day of August, 1886, the lands described in the bill, and that the words "her bodily heirs" were improperly inserted in said deed, and that Mary E. A. Stocks was entitled to have said deed corrected by eliminating therefrom the words "her bodily heirs," and decreed that William L. Henderson, and Harriet, his wife, execute a good and sufficient warranty deed conveying to Mary E. A. Stocks said lands in fee simple, without any qualification or restriction whatever, within sixty days, and that in default of the execution and delivery of said deed the master in chancery of said court execute a deed of conveyance conveying to Mary E. A. Stocks in fee simple said lands; that William L. and Harriet Henderson having failed to make a deed as provided by said decree, the master in chancery executed a deed to Mary E. A. Stocks in

accordance with the terms of said decree; that Mary E. A. Stocks subsequently sold and conveyed said lands by absolute deed, and the lands have been transferred, from time to time, by her grantee and his grantees, and are now owned and in the possession of persons who were not parties to said chancery suit commenced by Mary E. A. Stocks and husband against Nona Stocks and William L. and Harriet Henderson; that Mary E. A. Stocks died on October 21, 1902, leaving her surviving her husband, John Stocks, and Nona Teel, born March 21, 1887, and Elmo Stocks, born August 22, 1891, as her children and sole heirs-at-law, and that said Nona was about eighteen years of age and Elmo about fourteen years of age at the time this bill was filed.

The contentions made on the former appeal were, first, that in the case of *Stocks et al.* v. *Stocks et al.* the court did not have jurisdiction of the persons of Nona Teel and William L. Henderson and Harriet Henderson; second, that the guardian *ad litem* appointed for Nona Teel neglected and failed to properly represent and protect the rights of Nona Teel; third, that the testimony of John Stocks, Mary E. A. Stocks and William L. Henderson, upon which the findings in the decree were based, that the words "her bodily heirs," found in the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks, were improperly inserted in said deed, was false; and fourth, that the deed from William L. and Harriet Henderson to Mary E. A. Stocks conveyed to Mary E. A. Stocks a life estate in said lands only, and that the fee simple estate therein vested in Nona Teel and Elmo Stocks, and that the decree entered by the court in said chancery case, and the deed of the master in chancery based thereon, did not have the effect to divest said Nona Teel and Elmo Stocks, at the time of filing the bill herein, of their title in and to said lands, and that the title to said lands was in Nona Teel and Elmo Stocks at the time of filing the bill herein in fee simple. And it was held in the opinion then filed, that the court, in the suit of

*Stocks et al.* v. *Stocks et al.,* had jurisdiction of the parties and of the subject matter of that suit, and that the fact that error may have afterwards intervened on the hearing or in the entry of the decree would not have the effect to defeat the title of parties who dealt in good faith with the property, relying upon said decree, but as it appeared that the title to said premises passed out of William L. Henderson and Harriet Henderson and vested in said Mary E. A. Stocks for life and in Nona Teel and Elmo Stocks in fee, there was no title remaining in William L. and Harriet Henderson which they could convey, and that by a conveyance voluntarily made, or by one made under the direction of the court, they could not divest Nona Teel and Elmo Stocks of their fee simple title in and to said premises and invest the same in Mary·E. A. Stocks, and that the master's deed had no greater effect than would a deed from William L. and Harriet Henderson, and that the fee simple title to said premises was in Nona Teel and Elmo Stocks.

Upon the case being re-instated in the circuit court the demurrer was overruled, whereupon the appellees answered said bill and filed cross-bills, in which they prayed, as was prayed in the bill filed by Mary E. A. Stocks and husband, that the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks be reformed and corrected by striking out the words "her bodily heirs." The cross-bills were answered, and replications having been filed, a trial was had in open court, and a decree was again entered dismissing the original bill for want of equity, and the prayers of the cross-bills of the respective cross-complainants were granted and the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks was corrected by striking out the words "her bodily heirs," and a second appeal has been prosecuted to this court.

F. W. Raymond, (Arthur W. Underwood, of counsel,) for appellants.

JAMES H. MARTIN, WILLIAM W. CLEMENS, and WIL-LIAM H. WARDER, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

It is first contended that the opinion filed by the court on the former appeal is conclusive against the right of the appellees to recover in this case. The question presented to this court when the case was here before was, did the decree entered in the case of *Stocks et al.* v. *Stocks et al.* by the circuit court of Williamson county, and the master's deed made in pursuance of said decree, divest the fee simple title of Nona Teel and Elmo Stocks in the real estate in controversy and invest Mary E. A. Stocks with the fee simple title to said premises?—and it was held, for the reasons there stated, said decree was inoperative in that regard, and that the decree and master's deed did not divest said Nona Teel and Elmo Stocks of the fee simple title to said premises, and that in determining the question of where the fee simple title to said premises then rested said decree and master's deed should be disregarded, which left the fee simple title in said Nona Teel and Elmo Stocks; while the question presented for determination on this appeal is, did the circuit court, on the last trial, properly decree, upon the cross-bills filed after the case was re-instated in the circuit court, on the evidence submitted to it, that the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks should be reformed and corrected by striking out from said deed the words "her bodily heirs," and did the court err in reforming and correcting said deed by striking out said words and decreeing that the appellees be invested with the full fee simple title to said premises, as the remote grantees of said Mary E. A. Stocks? It clearly appears, therefore, that the question now presented for decision is a different question from the one determined when the case was here before.

280—31

In *Davis* v. *Kennedy*, 105 Ill. 300, John R. Kennedy had made a conveyance of an eighty-acre tract of land to his three daughters, but in describing the land there was an error in the deed, the land being described as located in a township other than the one in which it was located. Kennedy thereafter became a bankrupt and the land was sold by his assignee to Davis. The daughters filed a petition and made a motion in the United States District Court, where the bankruptcy proceeding was pending, to set aside the sale, which that court declined to do, whereupon they filed a bill in equity in the State court to correct the mistake in the deed, and it was contended they were foreclosed from such relief by reason of the action of the United States District Court in overruling their motion to set aside said sale, but it was held otherwise. This court, on page 307, said: "That proceeding falls far short of an adjudication of the question being litigated in this case. There is, therefore, no just claim that the questions here litigated were there determined. There, the object and direct purpose was to have the sale disapproved and set aside; here, the purpose is to have this deed reformed and the mistake corrected, and the assertion of title under the assignee's deed be enjoined. So it fails of an estoppel because the questions decided, and necessary to be decided, are not the same. That court, on that petition and motion, could not have declared that defendants in error were not entitled to the relief they seek in this case, because no such question was presented or before that court. We are not warranted in presuming that court did what it was not authorized to do, on the record as it then stood, nor was it asked nor do we suppose it intended so to do. We must therefore hold that this proceeding is not barred by a former adjudication of the same questions now litigated."

We think that case, and many others which might be cited, conclusive of the proposition that the appellees were not barred by any questions determined when the case was

here before, from filing their cross-bills to correct the mistake in the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks.

It is next contended the court erred in admitting in evidence against Nona Teel and Elmo Stocks the decree in the case of *Stocks et al.* v. *Stocks et al.,* as it is said that decree is not binding upon Nona Teel and Elmo Stocks by reason of the fact that the guardian *ad litem* appointed for Nona Teel neglected and failed to properly protect and guard her interests, and that the testimony of John Stocks, Mary E. A. Stocks and William L. Henderson, upon which the findings in the decree were based, that the words "her bodily heirs," found in the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks, were improperly inserted in the deed, was false, and that the testimony of John Stocks, Mary E. A. Stocks and William L. Henderson was taken in the form of affidavits,—that is, in narrative form,—before the master in chancery and not upon questions propounded to them by the master in chancery. On the former appeal similar contentions were made, and this court, on page 476, said: "The bill filed in that case was sufficient to give the court jurisdiction of the subject matter of the suit, and the court having found it had jurisdiction of the parties, which was a matter upon which it was authorized to adjudicate, the fact that errors may have afterwards intervened on the hearing or in the entering of the decree would not have the effect to defeat the title of the defendants, who dealt in good faith with the property, relying upon such decree, if the effect of the decree was to divest the title of the complainants." The court found, however, the decree did not have the effect to divest the title of Nona Teel and Elmo Stocks, and for that reason the court was of the opinion the fee to said premises still remained in Nona Teel and Elmo Stocks. It was also held in that opinion, that while an original bill might be filed on behalf of a minor during his minority, or within the

period allowed after majority for the prosecution of a writ of error to impeach a decree for fraud or for errors of law appearing upon the face of the record, if it appeared the court entering the decree had jurisdiction of the parties and the subject matter of the suit, and parties who were not parties to the suit and who had dealt with the subject matter of the suit in good faith, relying upon the decree, had acquired interests in the subject matter of the suit, the court would not set aside the decree and thereby divest and destroy their interests in the subject matter of the suit, and the cases of *Hedges* v. *Mace,* 72 Ill. 472, *Lloyd* v. *Kirkwood,* 112 id. 329, and *Lambert* v. *Livingston,* 131 id. 161, were cited as sustaining that position.

In the *Hedges case,* which was a bill to impeach a decree in partition for want of jurisdiction over the persons of the defendants in the partition suit, none of the complainants appear to have been minors, but the court, after disposing of the question of jurisdiction adversely to the contention of the complainants, announced the general doctrine upon the subject now under consideration in the following words (p. 475) : "Various other objections are made to the proceedings, but it is not necessary to consider them. If the questions raised are at all tenable they are but errors, and cannot be urged in this collateral manner against the title of the defendants who purchased at the sale under the decree. The law is well settled that where the court has jurisdiction of the subject matter and obtains jurisdiction of the person by service of process, then, although errors may intervene, the title of a purchaser under the decree, who is not a party to the proceeding, will be protected.—*Stow* v. *Kimball,* 28 Ill. 93; *Moore* v. *Neil,* 39 id. 256; *Wight* v. *Wallbaum,* 39 id. 554; *Mulford* v. *Stalzenback,* 46 id. 303."

In the *Lloyd case* the question arose upon the cross-bill filed on behalf of a minor to impeach a decree which was relied upon in the original bill as a basis for partition, and the court there said (p. 337) : "In many of the States,

\* \* \* including our own, a decree against an infant, like that against an adult, is absolute in the first instance, subject to the right to attack it by original bill, for either fraud or error, merely; but until so attacked, and set aside or reversed on error or appeal, it is binding to the same extent as any other decree or judgment. This right to attack a decree by original bill may be exercised at any time before the infant attains his majority, or at any time afterwards within the period in which he may, under the statute, prosecute a writ of error for the reversal of such decree. \* \* \* The rule thus established is, of course, subject to the qualification that the decree of a court having jurisdiction of the subject matter of the suit and the person of the infant against whom it is rendered, will not be thus set aside as against third parties who have in good faith acquired rights under it; but as against original parties to the suit, and their legal representatives, the rule as above stated will be enforced."

In view of the foregoing authorities, if the mandatory part of the decree sought to be impeached had corrected the Henderson deed by eliminating the words therefrom which vested the fee in Nona Teel and Elmo Stocks, the appellees would have been protected in their title against the claims of Nona Teel and Elmo Stocks. The question then arises, of what force and effect, as evidence in this case, is that portion of said decree against Nona Teel and Elmo Stocks which finds that the words "her bodily heirs," in the deed from William L. Henderson and Harriet Henderson to Mary E. A. Stocks, were improperly incorporated therein, and that Mary E. A. Stocks was entitled to have the deed corrected by eliminating from the deed said words?

It has been frequently held by this court that where some controlling fact or question material to the determination of both causes of action has been determined in a former suit and the same fact or question is again at issue between the same parties, its adjudication in the first will,

if properly presented, be conclusive of the same question in the latter suit, irrespective of whether the cause of action is the same in both suits or not. (*Hanna* v. *Read,* 102 Ill. 596; *Tilley* v. *Bridges,* 105 id. 336; *Wright* v. *Griffey,* 147 id. 496; *Reynolds* v. *Mandel,* 175 id. 615; *Brack* v. *Boyd,* 211 id. 290.) In the *Brack case,* in a partition suit between the parties, it was held that one Mary J. Singleton was the legally adopted child of Allen L. and Sallie Ralls, and in a subsequent partition suit between the same parties, although in regard to different lands, it was held that the parties defendant in the second suit were bound by the findings of the court in the first suit upon the subject of the adoption of Mary J. Singleton, which finding in the first suit amounted to an estoppel upon them by verdict. In the *Hanna case,* Ezra B. Read, owning real estate in Indiana and in this State, made two deeds, one conveying the Indiana land directly to his wife and the other conveying the Illinois land to her through a third party. A bill was filed in the circuit court of Vigo county, Indiana, to set aside the conveyance in that State on the alleged ground that Ezra B. Read was, at the time of its execution, of unsound mind and incapable of making the deed, and that he was unduly influenced to execute the same. The answer of the defendant denied both allegations, and upon the hearing a decree was entered sustaining the bill and finding that the grantor was of unsound mind and incapable of making said instrument. Afterwards, in a suit between the same parties in this State to set aside the conveyance of the Illinois lands, the decree entered in the Indiana court was set up by the complainants as *res judicata,* but the circuit court refused to admit the transcript of the record of the circuit court of Vigo county as evidence to sustain the bill. In reversing that ruling it was said (p. 602) : "Where the former adjudication is relied on as an answer and bar to the whole cause of action, or, in other words, where it is claimed to be an answer to all the questions involved in the sub-

sequent action, then it must appear * * * that the cause
of action and thing sought to be recovered are the same in
both suits.   The former adjudication in cases of this class
is technically known as an estoppel by judgment,   * * *
but where some specific fact or question has been adjudi-
cated and determined in a former suit and the same fact or
question is again put in issue in a subsequent suit between
the same parties, its determination in the former suit, if
properly presented and relied on, will be held conclusive up-
on the parties in the latter suit, without regard to whether
the cause of action is the same in both suits or not.   This
species of estoppel is known to the law as an estoppel by
verdict, and is equally available to a plaintiff in support of
his action, when the circumstances warrant it, as when of-
fered by a defendant as matter of defense."

We therefore think it clear that, the circuit court of
Williamson county having found in the case of *Stocks et al.*
v. *Stocks et al.* that there was a mistake in the deed from
William L. Henderson and Harriet Henderson to Mary
E. A. Stocks, to which litigation Nona Teel was a party
and Elmo Stocks a privy, appellants are bound by such find-
ing and estopped in this proceeding to deny the facts there
found as against the appellees, who are subsequent *bona fide*
purchasers of said real estate, even though the guardian
*ad litem* of Nona Teel may not have performed his full duty
in said chancery suit, and even though the appellants have
introduced into this record some evidence which tends to
contradict the evidence of the witnesses who testified in the
case of *Stocks et al.* v. *Stocks et al.,* upon whose testimony
said decree was based, which objections and irregularities
only amounted to error in the original case and which did
not render the decree in that case void, but which would
have been available in this suit against the original parties
to that suit, (*Lloyd* v. *Kirkwood, supra; Crane* v. *Stafford,*
217 Ill. 21;)  but which are not available against third par-

ties who have in good faith acquired rights relying upon said decree. *Lloyd* v. *Kirkwood, supra.*

It is finally contended that the court erred in entering the decree in this case, as it is said appellees failed to show, by proper proofs, that said former decree was equitable and just, and it is urged on an original bill to carry a former decree into execution the court will look into the original case and· see if the former decree is equitable and just, and ·if it is not, it will refuse its enforcement. The doctrine contended for by the appellants has been recognized by this court in *Wadhams* v. *Gay,* 73 Ill. 415, and subsequent cases, and it is a well established equitable doctrine where an original bill has been filed to carry a former decree into execution, and we think applies with equal force where a former decree is sought to be carried into execution by a cross-bill. The prayers of the cross-bills filed in this case, however, are in the alternative, that of Wilmoth Dunnihoo, the Carterville & Herrin Coal Company, John Waggoner, Ellen Augusta Waggoner, Finis W. Varnier, Henry Keiper, Raymond Lisby, Clayton Wright, John Alexander, W. C. Alexander, Joseph Moore, Wilford Beson, Wesley Walker and Mary Walker being in the following form: "Forasmuch, therefore, as your orators are without remedy except in a court of equity, and to the end that the said Harry C. Teel, Nona. Teel, John Stocks, Chicago and Carbondale Railroad Company, Illinois Central Railroad Company and Elmo Stocks, who are made parties defendant to this bill, may be required to make full and direct answer to the same, but not under oath, answer under oath being hereby waived, and that upon a hearing hereon the court may order and decree that the relief granted by the above recited decree be made effectual, the said deed from William L. Henderson and wife to Mary E. A. Stocks hereinabove set forth be canceled and set aside, and that the master's deed hereinabove referred to and set forth be declared effectual to convey the

fee simple title of the lands therein described to said Mary
E. A. Stocks at the time of its delivery, or that said deed
so made by William L. Henderson and wife to Mary E. A.
Stocks be reformed and corrected to accord with the inten-
tion of the parties as found and declared by the court in
said decree hereinabove set forth, by striking therefrom,
and from the record thereof, the words 'her·bodily heirs,'
and that your orators have such other and further relief
as equity may require and as to your honors may seem
meet." And we think the decree of the circuit court could
properly be sustained on the ground that the findings of
fact in the decree in the case of *Stocks et al.* v. *Stocks et al.*
established the fact that there was a mistake in the deed
from the Hendersons to Mary E. A. Stocks and it should
be corrected, and such seems to have been the view of the
trial·court, as its decree was as follows:

"It is therefore ordered, adjudged and decreed that the
complainants' original bill herein be dismissed for want of
equity, and that complainants in their cross-bills herein be
granted the relief prayed for in said cross-bills, and that
said deed made by William L. Henderson and wife to
Mary E. A. Stocks, dated August 17, 1886, conveying to
her the following described real estate: The west half of
the south-west quarter of section 22 and the north-east
quarter of the north-east quarter of section 28, town 22,
south, range 2, east of the third principal meridian, in
Williamson county, Illinois, be and the same is hereby re-
formed and corrected by striking therefrom the words 'her
bodily heirs' where the same appear therein after the words
'Mary E. A. Stocks,' and that the record thereof in the re-
corder's office of Williamson county, at page 171 of deed
records 27, be corrected by the master in chancery of this
court by striking out the said words 'her bodily heirs' after
the words 'Mary E. A. Stocks,' thus vesting in her the fee
simple title as of the date of August 17, 1886."

If, however, it be conceded that it was necessary that the appellees show that the decree entered in that case was equitable and just, we think the evidence found in this entire record, when taken in connection with the decree in *Stocks et al.* v. *Stocks et al.*, clearly shows that equity and good conscience required the correction of said deed as between Mary E. A. Stocks and Nona Teel and Elmo Stocks, who were "her bodily heirs." From the recitals in said decree it appears that the land in question belonged to William L. Henderson; that on August 17, 1886, he sold the same to Mary E. A. Stocks for the sum of $1000 and executed to said Mary E. A. Stocks a deed of conveyance of said lands, intending to convey thereby said lands to said Mary E. A. Stocks in fee simple, and that in consideration of said deed of conveyance said Mary E. A. Stocks paid to said William L. Henderson the sum of $1000; that by some mistake or error of the scrivener who wrote said deed, or from some other error or mistake at the time unknown to both the grantors and the grantee in said deed, the deed was so written as to convey said lands to said Mary E. A. Stocks and to "her bodily heirs," thereby vesting in said Mary E. A. Stocks a life estate, only, in said lands, which was not the intention of the grantors or the grantee, each of whom intended and agreed that said deed of conveyance should pass to said Mary E. A. Stocks the said lands in fee simple absolute. It further appears that Mary E. A. Stocks sold and conveyed said premises to her grantee, and he to his grantees, for a full and valuable consideration, and that her remote grantees are now in possession of said lands. In *Dinwiddie* v. *Self*, 145 Ill. 290, and *Kyner* v. *Boll*, 182 id. 171, this court held that it was not inequitable and unjust to correct a deed, under similar circumstances to those disclosed in this record, by striking out from a deed words of similar import to the words found in the deed from the Hendersons to Mrs. Stocks. This case, and the cases above

referred to, differ materially from the case of *Atherton* v. *Roche,* 192 Ill. 252, the distinction between the cases being pointed out in the *Atherton case,* on page 261. Mistakes of law cannot be corrected by a court of equity. Where, however, real estate is bought for its full value, and the grantors understand they are selling and the grantees understand they are purchasing a fee title, and by mistake some words creep into the deed which defeat such intention, it clearly is not inequitable or unjust that the error should be corrected.

The appellants have sought in this case to impeach the findings of the decree entered in the case of *Stocks et al.* v. *Stocks et al.* by parol evidence and by showing irregularities took place upon the trial. Many years have elapsed since the testimony in that case was taken and the decree entered. Mary E. A. Stocks and William L. Henderson are both dead, and the interest of John Stocks, through his children, is adverse to the decree. This case demonstrates the wisdom of the rule that where a court has jurisdiction of the parties and subject matter of a suit and makes certain findings of fact in its decree, upon which innocent parties rely, the facts thus found, when again called in question by a party or privy to said suit in a subsequent suit, are held to be established by the findings of fact in the first decree. Were not this the rule, no title in which a minor is a party to a suit would ever be secure until after the time for the suing out of a writ of error or for filing a bill to impeach the decree had elapsed.

Finding no reversible error in this record the decree of the circuit court will be affirmed.          *Decree affirmed.*

Mr. JUSTICE VICKERS took no part in the decision of this case.