(No. 26641.—)
MYRTLE A. KOHL, Appellee, *vs.* THOMAS A. MONTGOMERY
*et al.*—(CHARLES T. WATKINS, Appellant.)

*Opinion filed May 13, 1942.*

W. B. McBRIDE, D. W. JOHNSTON, and JOHN J. BAKER,
for appellant.

EDWARD E. ADAMS, and JAMES A. MERRY, for appellee;
JOHN W. COALE, guardian *ad litem* for minors.

Mr. JUSTICE GUNN delivered the opinion of the court:

This proceeding was before us at a former term and
was reversed and remanded in *Kohl* v. *Montgomery,* 373

Ill. 200. In the original case it appeared that in 1897 a certain warranty deed was executed conveying to Effie J. Watkins and her husband for and during their natural lives, and to the survivor of them for and during the natural life of such survivor, with the remainder in fee to the child or children born of the body of said Effie J. Watkins, a tract of land of sixty acres; and in case Effie J. Watkins died leaving no children her surviving then to certain named remaindermen. March 21, 1913, Effie J. Watkins procured a divorce from her husband, Charles T. Watkins, and the decree attempted to vest the interest of Charles T. Watkins in Effie J. Watkins for and during her natural life, with the remainder in the same manner as that of the deed made by the grantors. After the death of Effie J. Watkins in 1938 a partition suit was brought by the heirs claiming no interest remained in the husband, Charles T. Watkins, and upon appeal to this court the partition decree was reversed because the divorce decree on which partition was based, did not, itself, vest the husband's interest in the wife. On remanding the cause the complaint was amended, and in substance alleged that it was the intent of the court by the decree of divorce to vest all interest of Charles T. Watkins, legal or otherwise, in Effie J. Watkins, and that whatever interest Charles T. Watkins retained was due to the failure of the court in the divorce decree to require him to convey, or appoint a commissioner or other suitable person to make a conveyance in his stead, and that Charles T. Watkins' interest constitutes merely a cloud upon the title which should be removed, and set out the interest of the co-tenants as though Charles T. Watkins had no interest in the property. The court entered a decree, and among other things adjudged that the interest remaining in Charles T. Watkins by reason of said divorce proceedings was a mere naked legal interest by which Effie J. Watkins became the equitable owner, and was a cloud upon the title of the owners in fee and should be removed, and directed the said

Charles T. Watkins to convey within sixty days to such owners all of his right, title, claim or interest, and in default thereof the master in chancery be appointed and designated commissioner with authority and directions to make such deed in the name and place of the said Charles T. Watkins. The court thereupon fixed the rights of the co-tenants as though the said Charles T. Watkins had no further remaining interest in the land. Inasmuch as Charles T. Watkins claims a life interest in the land a freehold is involved entitling him to appeal directly to this court.

In the former appeal we held that the title of Charles T. Watkins could not be transferred or vested by a decree of the court, alone. We did, however, hold the court had power to award Effie J. Watkins as alimony an equitable estate in her husband's interest in the land. We also held that Charles T. Watkins had at most a contingent estate, and the court could declare such interest in equity should belong to the wife, and vesting such estate in the wife might be compelled in a proper case. In the same case we said: "The portion of the decree for divorce purporting to transfer the legal title to appellant's life interest in the real estate in question to Effie J. Watkins, was beyond the power of the court to enter, and the chancellor in this cause erred in decreeing, on the basis of 'that transfer, that partition be had as prayed in the complaint, but, in the absence of an amendment of the pleadings by the holders of Effie J. Watkins' equitable interest, seeking to subject appellant's legal interest thereto and removing it as a cloud, should have decreed partition of the undivided five-sixths of the 60-acre tract in question, subject to the life estate of Watkins, appellant." The amendment in the complaint was doubtless made in accordance with this statement of this court.

In *Wadhams* v. *Gay,* 73 Ill. 415, we held that where a decree is imperfect or incomplete by merely decreeing a title, without providing for means to pass or convey it,

an original bill in equity will lie to supply the omission and for the execution of the former decree. In *Oberein* v. *Wells,* 163 Ill. 101, where an original bill was brought to enforce a former decree, we said: "A bill to carry a decree into execution is proper, where, after a decree has been pronounced, it has happened. that, owing to some neglect of the parties to proceed upon the decree, their rights have become so embarrassed by subsequent events that no ordinary process of the court upon the first decree will serve, and it is therefore necessary to have another decree of the court to ascertain and enforce them." *Lancaster* v. *Snow,* 184 Ill. 534, also holds that *Wadhams* v. *Gay, supra,* is authority for a proceeding to enforce the deficiencies of a former decree; and in *Hultberg* v. *Anderson,* 252 Ill. 607, it is said that the doctrine of the *Wadhams case, supra,* has never been departed from.

It being settled that a court of equity has power to entertain a bill to execute and enforce a former decree, can it be entertained in the present suit for partition by the remaindermen mentioned in the original deed, and also in the original decree of divorce? In *Oberein* v. *Wells, supra,* the bill was brought by the assignee of the original plaintiff against the heirs-at-law of the original defendants, and relief was granted. In *Shields* v. *Thomas,* 59 U. S. 253, 15 L. ed. 368, a suit was brought for a like purpose in the United States court to enforce a decree in one of the circuit courts of the State of Kentucky, and in sustaining the action the court said: "Amongst the original and undoubted powers of a court of equity is that of entertaining a bill filed for enforcing and carrying into effect a decree of the same, or of a different court, as the exigencies of the case, or the interests of the parties may require." We have no doubt as to the power of the court to entertain such a suit, nor of the rights of the parties in the present case to institute it.

The question is also presented as to whether it may be properly included in the complaint for partition. The Civil Practice act, section 44, provides that, subject to rules, any plaintiff may join in causes of action, whether equitable or legal, or both, against any defendant or defendants. And Supreme Court Rule 10 [370 Ill. 18] provides all matters which prior to January 1, 1934, were within the jurisdiction of a court of equity, whether directly or as an incident to other matters before it, or which the equity court could have heard so as to do complete justice between the parties, may be hereafter regarded as a single cause of action, and when so treated shall be heard and decided in the manner heretofore practiced in courts of equity. In partition proceedings it is proper to ascertain the legal owners of real estate from facts shown, or to convert an equitable estate into a legal estate by the proof of circumstances which would justify such a decree. *Harris* v. *Ingleside Building Corp.* 370 Ill. 617.

It is immaterial what form an action to execute a decree takes, as it is a dependent suit and will be considered for what its allegations declare it to be, (*Root* v. *Woolworth,* 150 U. S. 401, 37 L. ed. 1123; *Lancaster* v. *Snow, supra; South Jersey Realty Co.* v. *Staley,* 75 Atl. (N. J.) 934,) and may be brought by a party to the suit in which the decree was rendered, or one in privity with him. (*Root* v. *Woolworth, supra; Lancaster* v. *Snow, supra; Oberein* v. *Wells, supra.*) Privity of estate exists here, as all claim through the same deed. It is therefore proper for the court not only to consider the amendment to the complaint as an original suit to execute the prior decree to the extent it deems equitable, because of its omission to provide the means for transferring title from Charles T. Watkins as therein intended, but to make provision for the transfer of such title to the interested parties and award partition among them.

It is complained, however, that the decree entered in the present case varied from the decree entered in the divorce suit in 1913 in that it found the intention was to convey the interest of the husband to the wife and omitted the direction that the same be vested in exactly the same manner as in the deed. All of the cases commencing with *Wadhams* v. *Gay, supra,* hold that upon an original bill to carry into execution a former decree the court will look into the original case and see whether it is just and equitable before it will enforce it, and have varied the nature of the relief granted in the first decree when the facts justify it. Thus in *Teel* v. *Dunnihoo,* 221 Ill. 471, where a decree struck from a deed the words "her bodily heirs," and the Supreme Court upon appeal held such decree did not divest the title of such heirs, yet in a second suit, where the original decree was again considered, and the equities weighed, the decree was upheld upon the ground there were sufficient facts to justify a reformation of the deed. (*Teel* v. *Dunnihoo,* 230 Ill. 476.) It seems from an examination of the authorities that where such a proceeding is entertained the justice or correctness of the former decree may be examined. This may go to the extent that an omission or mistake may be corrected where it is necessary to maintain and effectuate the principle of the decree. (*Terry* v. *McClintock,* 41 Mich. 492, 2 N. W. 787; *Root* v. *Woolworth, supra.*) And the principle was applied in *Wadhams* v. *Gay, supra.*

In the present case the court examined the divorce decree and surrounding facts and found that the court upon the prior hearing intended to divest Charles T. Watkins of all of his interest in the property and place it in the wife, Effie J. Watkins. The fact the court did not exactly follow the terms of the former decree in that he ordered a conveyance to the reversioners is immaterial, and is a matter concerning which Charles T. Watkins cannot complain. Both decrees disposed of his entire interest. Those who

would take upon the death of the wife were named grantees in the deed to be executed, and that was a matter which did not concern him. The only question in this case is whether Charles T. Watkins has an interest, and not whether the court disturbed the interest of other persons. A question might be raised as to whether the court had any authority upon the first decree to direct Charles T. Watkins to convey property to any other person than his wife, but that question is not pertinent, when it clearly appears that all of the interest of appellant was admittedly divested in the first decree, and all of said interest ordered to be conveyed by the decree appealed from.

We think it clearly appears the court had the power and jurisdiction to enforce and execute the former decree to the extent it should be equitably enforced, and had the power and jurisdiction to order Charles T. Watkins to execute a deed, and upon his failure so to do to have a proper officer of the court to execute it in his place and stead. The fact it is being done at the present time under the order of the court, in the absence of intervening rights of third parties, does not affect the situation, where but for the omission in the decree the title would have passed in 1913. The case falls within the principle that equity considers that done which ought to be done. (*Bouslough* v. *Bouslough,* 306 Ill. 24; *Craig* v. *Leslie,* 3 How. 563.) The decree as directed to be executed will vest all of the interest of appellant in the reversioners, where it would have vested upon the death of Effie J. Watkins but for the omission in the first decree.

We are of the opinion the circuit court of Christian county properly held Charles T. Watkins to have no interest of any kind in the real estate involved, and its decree is accordingly affirmed.                    *Decree affirmed.*