(No. 29103.—■■■■■■■■)

LILLIAN YAKICH, Appellee, *vs.* JULIUS F. SMIETANKA, Trustee, *et al.*—(JULIUS F. SMIETANKA, Appellant.)

*Opinion filed November 21, 1945.*

SMIETANKA, NOWAK & GARRIGAN, (CHARLES D. SNE-WIND, of counsel,) both of Chicago, for appellant.

WILLIAM VIHON, of Chicago, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Lillian Yakich filed a partition suit in the superior court of Cook county against Julius F. Smietanka, trustee under a trust deed dated September 18, 1929, from George Starcevich, registered as document No. 479804. Harry R. Spellbrink, receiver of the Union State Bank of South Chicago, a corporation, Edward J. Kaindl, registrar of titles of Cook county, Illinois, Union Investment Company, a corporation, Anthony Starcevich and Frank Jiracek were also made defendants. The complaint alleged that plaintiff is the owner of "65.80058 interest" in real estate described as "Lots One (1) and Two (2) in Block Thirty-one (31), in Ironworker's Addition to South Chicago, being a subdivision of the South Fractional Half (½) of Section Eight (8), Township Thirty-seven (37) North, Range Fifteen

(15), East of the Third Principal Meridian, situated in the city of Chicago in the County of Cook and State of Illinois."

It was alleged that plaintiff's interest was acquired by her by the purchase of a promissory note in the sum of $2700, dated September 18, 1929, secured by a certain trust deed on the described real estate. The complaint alleges that Harry R. Spellbrink, receiver of the Union State Bank of South Chicago, was the owner of another principal note secured by the same trust deed and that Julius F. Smietanka, as trustee in said trust deed, foreclosed the trust deed and that upon the sale the indebtedness secured by the notes was bid by the trustee and a master's deed issued in December, 1943, to said trustee, Julius F. Smietanka, and that said master's deed was issued to the trustee for the use and benefit of the holders of the notes. The complaint further alleges that the legal and equitable owners of the property are Lillian Yakich and Harry R. Spellbrink as receiver; that Spellbrink is the owner of "34.19942 interest" in the property and that the property described is the only property held by Lillian Yakich and Harry R. Spellbrink as tenants in common. The complaint prays for the partition of the premises; that the rights and interests of the persons may be determined; that the court shall allow attorneys fees; and for such other and further relief as equity may require.

The defendant Julius F. Smietanka filed his answer and denied that plaintiff was entitled to the relief prayed for, and stated that the interest of Harry R. Spellbrink is now held by one H. L. Marcus. Further answering, defendant stated that he had expended large sums of money in the negotiation of a settlement of a tax foreclosure suit and that there was due him money for services rendered which should be, and ought to be, a lien on the premises. Subsequently, H. L. Marcus was substituted as party defendant in lieu of Harry R. Spellbrink. Marcus filed his

appearance and admitted that he held the interest alleged in the complaint to have been held by Spellbrink. Plaintiff filed her motion asking that the court order defendant Julius F. Smietanka to deliver a deed to transfer the title to the property to the plaintiff, Lillian Yakich. This motion stated that plaintiff had acquired the interest of H. L. Marcus. In pursuance to this motion the court ordered that Julius F. Smietanka, as trustee, deliver to the plaintiff a deed to effectually transfer title to the property involved and to file an accounting of the rents, issues and profits thereof as well as "matters done in the tax foreclosure case" involving said premises. It was ordered by the court that Smietanka, as trustee, comply with the order within five days. Subsequently, a citation for contempt was issued against Smietanka, based upon his refusal to comply with the order of the court. On February 28, 1945, on application of plaintiff, a decree was entered wherein it was found that pursuant to the order previously entered on January 11, 1945, defendant Julius F. Smietanka, trustee, conveyed and quitclaimed his interest in the real estate to plaintiff and among other things ordered that the said plaintiff be invested with the entire title to the real estate described herein. Said defendant moved the court to vacate this decree, which motion was denied. From the decree and denial of the motion, defendant Smietanka appeals to this court.

Appellant urges that the lower court was without jurisdiction to enter the decree vesting title in Lillian Yakich, appellee here, for the reason that the action of partition cannot be maintained in the absence of joint or common ownership. A review of the record in this cause indicates that at the time of the commencement of the suit by appellee, she was an equitable owner of a joint interest in the property described; that during the proceedings she obtained, by conveyance, the balance of the equitable interest and by court order, obtained the conveyance from appel-

lant, as trustee, conveying the legal title. Appellant urges that partition cannot be maintained in this case and admits in his brief that appellee had an equitable interest in the premises but contends that he, as trustee, has the legal title.

In support of appellant's position, he has cited cases announcing the general rule that it is essential to the right of a plaintiff in a partition suit to show ownership of an undivided interest in the premises sought to be partitioned. Appellant cites the case of *Webster* v. *Hall,* 388 Ill. 401, which announces this general rule but throws no light upon the question here presented because in that case the plaintiffs alleged in the complaint that they were the owners of a fee and sought construction of a deed. The question presented in this case is whether or not the court can vest the entire title in one who acquires all of the equitable interest during the pendency of the partition suit. In this connection consideration must be given section 39 of the Partition Act, which provides, in part: "In all suits for the partition of real estate under this Act, the Court may investigate and determine all questions of conflicting or controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned; invest titles, by their decrees, in the parties to whom the premises are allotted, without the forms of conveyance by infants or unknown heirs or other parties to the suit; * * *." Ill. Rev. Stat. 1945, chap. 106, par. 39.

Appellant has admitted and stated that the appellee was the owner of an equitable interest in the premises described. Under section 39 of the Partition Act, courts are empowered and authorized to invest titles by their decrees and make other orders. We held in the case of *Kohl* v. *Montgomery,* 379 Ill. 579, that it is proper in partition proceedings to ascertain the legal owners of real estate and to convert an equitable estate into a legal estate upon proof of the circumstances which justify such decree.

Appellant urges that the complaint being one for partition and partition not having been ordered in the decree of the court, this was a fatal variance from the allegations contained in the complaint. The complaint in this cause prays that the rights of the parties shall be determined and declared by the court and that the court shall grant such other and further relief as equity may require. It is apparent that the lower court had the power under the pleadings to enter the decree complained of. We have held that the court may grant any relief consistent with the facts alleged in the bill and proved by the evidence. (*Churchill* v. *Marr,* 300 Ill. 302.) In this case, general and special relief was requested and inasmuch as partition was no longer feasible or necessary to the appellee because of the purchase of all of the equitable interest in the premises, the incidental relief prayed for and granted was proper to do equity between the parties.

Appellant complains that the act of the court in divesting him of title was unjustifiable and an abuse of discretion. In support thereof he urges that, under his answer in which he alleged that there were due him large sums of money which were a prior lien on the premises sought to be partitioned, the lower court denied and deprived him of his right to a hearing upon the question of money which he claims was due and which it is claimed is a prior lien. A review of the record does not support appellant's contention in this behalf. It appears that appellee, on January 11, 1945, filed her motion asking that appellant be ordered to deliver to her his deed to transfer title to the property involved in this suit and to file an account of the rents, issues and profits as well as matters done in the tax foreclosure case. Appellant was ordered by the court to comply with the demands of the motion within five days. This, the appellant failed and refused to do. This was the opportunity and request to appellant to produce his claim and to state the amount for which he claimed a lien. The ap-

pellant having failed and refused to comply with the order of the court that he bring forth his claim, cannot now complain that he was not given an opportunity to do so. His contention that he was deprived of this right without a hearing by the order of the court is not supported by the record, which reveals, from the motion of the appellee and the order of the court, his opportunity to present his claim and his failure and refusal to comply with said order.

We find no error in the record and are of the opinion that equity has been done between the parties to this cause.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*