JACOB ARMSTRONG

*v.*

MARY ARMSTRONG.

1. ALIMONY — *in what manner it may be assigned.* In decreeing a divorce at the suit of the wife, the Circuit Court has the power to assign to her, as alimony, a part of the real estate of the husband.

2. DIVORCE — *husband must pay the wife's attorney's fee.* After divorce granted at the suit of the wife, the court decreed that the defendant pay to the attorneys of the wife a certain fee for prosecuting the suit. This was held to be a proper claim against the defendant. A husband is bound to furnish his wife with the means of prosecuting her suit for a divorce, and will be compelled to do so by rule of court.

APPEAL from the Circuit Court of Rock Island county; the Hon. IRA O. WILKINSON, Judge, presiding.

This was a suit in chancery instituted on the 12th day of November, 1861, in the Circuit Court of Lee county, by Mary Armstrong against her husband, Jacob Armstrong, for a divorce.

It is charged in the bill, that for two years prior to the commencement of the suit, the defendant had been habitually drunk; and for several years had treated the complainant with unkindness and cruelty, and had committed adultery. That there were three children, issue of their marriage, Sarah E., aged seventeen years at the time of filing the bill; Jacob, aged ten years, and Mary Frances, aged seven years. The bill alleges the defendant to be seized and possessed of property to the amount of $20,000 to $30,000, with an annual income

of $2,000 to $3,000; that the complainant is in need of money and funds to support herself and said child, Mary Frances, and that she has no means wherewith to enable her to defray the expenses of the prosecution of her suit.

She prays that a divorce be granted; that defendant be decreed to make suitable and proper provision for the support and maintenance of herself and said child, Mary Frances, as well during the pendency of said suit as afterwards; that defendant be compelled to provide necessary means to enable the complainant to prosecute her suit; that she may have permanent custody, control, education and maintenance of all of said children confided to her, and for general relief.

The defendant answered the bill, denying all the material allegations therein. A replication was filed; and an issue was made up and submitted to a jury, who found the defendant guilty of adultery as charged in the bill. Thereupon, on the 12th day of December, 1862, a decree was entered declaring the marriage relation between the parties dissolved; and it was ordered that the questions of alimony and the custody of the children be reserved for further consideration and decision, at a subsequent term of the court. Subsequently, the cause was removed into the Circuit Court of Rock Island county, where, at the January Term, 1864, the questions in regard to alimony and the custody of the children came on to be considered. Testimony was introduced concerning the pecuniary circumstances of the parties, but as no question arises upon the evidence, it need not be more particularly noticed here.

The court decreed as follows:

That of the two children, issue of complainant and defendant, namely, Jacob Armstrong, aged about twelve years, and Mary Frances Armstrong, aged about nine years, the complainant have the custody of the said Mary Frances, and defendant have the custody of the said Jacob:

That for the proper and necessary alimony, and allowance in said cause, the complainant recover and receive of and from the defendant, and his estate and property, the premises known as the homestead, and being described as lots numbered three (3), four

(4), five (5), six (6) and seven (7), in block 63, in that part of the city of Dixon, known as North Dixon, in Lee county, Illinois, to have and to hold in her own right, in fee simple, forever.

And that the defendant convey the same to the complainant by good and sufficient deed of conveyance, within thirty days from date of decree, and in default thereof, that the master in chancery of said Lee county, make and execute to complainant such deed of conveyance, for and on behalf of the defendant:

That the complainant, for alimony, &c., as aforesaid, also have and recover of and from the defendant the sum of twenty-seven hundred and fifty dollars, to be paid by the defendant to the complainant as follows, to wit: $750 on or before March 1st, A. D. 1864; $1,000 on or before September 1st, A. D. 1864; $1,000 on or before March 1st, A. D. 1865, with interest on each of said sums, at the rate of six per cent. per annum, from the date of said decree:

That the defendant, also, pay to complainant's solicitors, Messrs. Barge & Fouke, or to the clerk of the Lee county Circuit Court, for their use and subject to their order, the sum of $200, on and for their reasonable fees, for services rendered to the said complainant, as her solicitors, in the prosecution of said bill of complaint:

That the defendant, also, pay to the complainant so much of the temporary allowance heretofore made in said cause, as remained unpaid up to the date of this decree, upon the filing of this decree:

That from and after the filing of a copy of this decree in the office of the clerk of the circuit court, and ex-officio recorder of Lee county, the same and the sums of money above adjudged and decreed to be paid by the defendant, with interest thereon, as aforesaid, shall be a lien in like manner as a judgment at law, upon all and singular the goods and chattels, lands, tenements and real estate of the defendant, in said Lee county:

That if the sums of money above decreed to be paid by defendant, shall not be paid at the times specified, the complainant may have execution for said sums, as they respectively become due and payable, or may have an attachment against

the body of the defendant, as in case of contempt, as she may elect:

That defendant pay the costs of suit, and that execution issue therefor.

Thereupon the defendant took this appeal, and now assigns the following errors:

*First.* The court erred in decreeing alimony and allowance to the complainant in said cause.

*Second.* The court erred in decreeing that the said complainant have, recover and receive of and from the defendant and his estate and property, lots three (3), four (4), five (5), six (6) and seven (7), in block sixty-three (63), in that part of the city of Dixon known as North Dixon, being in the county of Lee and State of Illinois, to have and to hold in her own right, and in fee simple, forever.

*Third.* The court erred in decreeing that the defendant convey the said real estate to the complainant, by deed of conveyance, within thirty days from date of decree, and in default thereof, that the master in chancery of Lee county, make and execute such deed for and on behalf of the said defendant.

*Fourth.* The court erred in decreeing that the complainant, for alimony, &c., as aforesaid, also have and recover of and from the defendant the sum of twenty-seven hundred and fifty dollars, to be paid with interest thereon, as expressed and provided in said decree.

*Fifth.* The court erred in decreeing that the defendant pay to the complainant's solicitors, Messrs. Barge & Fouke, or to the clerk of the Lee county Circuit Court, for their use, and subject to their order, the sum of two hundred dollars for their fees for services rendered to the complainant as her solicitors in the prosecution of her said bill of complaint therein.

*Sixth.* The court erred in decreeing, that after the filing of a copy of said decree in the office of the clerk of the Circuit Court, and *ex-officio* recorder of Lee county, in the State of Illinois, the same, and the sums of money above adjudged and decreed to be paid by the defendant, with interest thereon, should be a lien, in like manner as a judgment at law, upon

all and singular the goods and chattels, lands, tenements and real estate of the defendant, situate and being in said Lee county.

*Seventh.* The court erred in decreeing, that if the said sums of money so ordered to be paid should not be paid at the times specified in said decree, the complainant might have execution for the said sums respectively as they became due or payable, or an attachment against the body of the defendant, as in case of contempt, as the complainant might elect.

*Eighth.* The court erred in not decreeing that the defendant pay to the complainant, in proper installments, for her alimony and maintenance, an annual amount sufficient to support and maintain her in a manner suited to her rank and condition in life and the defendant's fortune, taking into account the separate property and annual income of the complainant in her own right, instead of decreeing the complainant out of the estate of the defendant's real estate and money in gross.

*Ninth.* The court erred in not decreeing that the complainant should maintain and support the said minor child, Mary Frances Armstrong, by said decree committed to her custody during the minority of said child.

Mr. GEORGE P. GOODWIN, for the appellant.

Messrs. BARGE & FOUKE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question in this case is, has the Circuit Court, in decreeing a divorce, the power to assign as alimony to the wife a part of the real estate of the husband?

The question has been decided by this court in *Stewartson* v. *Stewartson*, 15 Ill. 145; *Wheeler* v. *Wheeler*, 18 Id. 39; *Bergen* v. *Bergen*, 22 Id. 189, and in *Jolliff* v. *Jolliff*, 32 Id. 527, in which the authorities were reviewed and the doctrine recognized.

On more mature reflection we see no reason to change the opinion therein expressed. She must have a home.

The decree, besides setting apart to the wife a house and lot of small value, gives to her the sum of twenty-seven hundred and fifty dollars, in addition, to be paid in large installments in one year.

This portion of the decree we are of opinion should be somewhat modified so as to give more time for the payment, and we accordingly modify so that the first payment of seven hundred and fifty dollars be made on the first day of January next, and the balance be paid in one and two years thereafter, with interest from the date of the original decree, and that the same be a lien on all the real estate of appellant.

It is also deemed equitable that in consideration of the real estate and money allowed complainant, she will be required to release all claim of dower to the estate of appellant, and all claim to any further alimony.

The lawyer's fees was a proper claim against the appellant. A husband is bound to furnish his wife with the means of prosecuting her suit for a divorce, and will be compelled to do so by rule of court.

It was proper, also, to commit the care, custody, nurture and education of the child to the appellant. As the father, he is under obligations, both legal and moral, to support it.

As modified, the decree is affirmed.

*Decree affirmed.*