(No. 20408.—

ANNA CZARNECKI, Defendant in Error, *vs.* THOMAS CZAR-NECKI, Plaintiff in Error.

*Opinion filed December 18, 1930.*

SAMUEL L. STEINBERG, for plaintiff in error.

LINAWEAVER & LINAWEAVER, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Thomas Czarnecki, by this writ of error seeks to have reversed a decree of the superior court of Cook county granting a divorce to his wife, Anna Czarnecki, defendant in error, and ordering him to convey certain real estate to her.

The evidence is not preserved by a certificate of evidence or bill of exceptions, but the findings of fact set forth in the decree are sufficient to warrant the entry of a decree of divorce in favor of defendant in error against plaintiff in error on the ground of extreme and repeated cruelty.

The court in its decree found with reference to the premises ordered conveyed, that while the title thereto was held jointly by plaintiff in error and defendant in error in fee simple, the premises were purchased with money received by defendant in error from her prior deceased husband. It is claimed by plaintiff in error that the court erred in ordering plaintiff in error's interest in the property to be conveyed to defendant in error. Under section 17 of the Divorce act the court may compel a conveyance of property held by one party belonging to the other upon such terms as it shall deem equitable, but such relief can be obtained only by proper allegations in the bill. (*Meyer* v. *Meyer*, 255 Ill. 436.) Relief can be granted only in accordance with the allegations of the bill sustained by proof. A decree cannot be rendered upon facts shown by the evidence which would warrant relief unless those facts are alleged in the bill. (*Higgins* v. *Higgins*, 219 Ill. 146; *Lewis* v. *Lewis*, 316 id. 447.) In the present case defendant in error did not allege in her bill that the premises in question had been purchased with her money derived from her prior deceased husband, but did allege with reference thereto "that the said parties have a joint interest in certain real estate

in Hammond, Indiana," and alleged that she believed that unless he was restrained by order of the court he would alienate and convey his interest in the real estate and thus deprive her of the ability to obtain any alimony and support for herself and their child. The prayer of the bill with reference to the property was, "that the defendant may be restrained from disposing, encumbering or otherwise alienating his interest in said real estate, and that she may have such other and further relief in the premises as equity may require." The decree as to the property is not only without support in the allegations of the bill but such allegations are contrary thereto, and the decree in this regard was therefore erroneous.

By the decree it was ordered that plaintiff in error pay to defendant in error the sum of $150 on account of her solicitor's fees. The record neither by findings of facts nor otherwise showed that the court heard evidence and found that the sum mentioned in the decree was the usual, reasonable and customary solicitor's fees for the services rendered and that defendant in error was entitled to recover the same.

The decree with reference to the property is not only without support in the allegations of the bill, but its findings upon which it is based are contrary to such allegations, and it was therefore erroneous. It will be reversed so far as it adjudged that the defendant in error be given all the right, interest and title to the real estate described in the decree and ordered plaintiff in error to execute a deed to her conveying all his right, interest and title in the premises, and also as to that portion of the decree ordering the payment of solicitor's fees, and the cause will be remanded to the superior court of Cook county for further proceedings with reference thereto. That portion of the decree granting a divorce to defendant in error from plaintiff in error will be affirmed. *Reversed in part and remanded.*