(No. 25149.—

JAMES P. WALSH, Appellee, *vs.* MARIE E. WALSH, Appellant.

*Opinion filed October 10, 1939.*

Joseph J. Karlin, for appellant.

Forest A. King, for appellee.

Mr. Justice Jones delivered the opinion of the court:

This is an appeal from a decree of the superior court of Cook county granting appellee, James P. Walsh, a divorce from appellant, Marie E. Walsh, on the ground of adultery, and ordering her to convey to appellant her interest in certain real estate held by them in joint tenancy. The appeal has been prosecuted directly to this court for the reason that a freehold is involved.

No complaint is made of the action of the court in entering the divorce decree, so it is unnecessary to detail the evidence establishing adultery. The question presented for review is whether the court was justified in compelling a conveyance of the real estate. The supplemental decree ordered appellant to convey to appellee her interest in two pieces of real estate, one located at 5509 Bohlander avenue, Berkeley, Illinois, and the other at 4432-36 West Madison street, Chicago.

We shall first consider the Berkeley property. An examination of the complaint discloses that it is mentioned neither in the allegations nor in the prayer. The facts alleged with reference to an equitable right in appellee to property the legal title to which is in appellant concern only the Madison street property. We have repeatedly held that while section 17 of the Divorce act (Ill. Rev. Stat. 1937, chap. 40, par. 18) authorizes a court to compel a conveyance of property held by one party, but equitably belonging to the other, such relief can be granted only when facts showing a right thereto are properly alleged in the complaint and sustained by proof. A decree cannot be ren-

dered upon facts shown by the evidence which would warrant relief unless those facts are alleged in the complaint. (*Czarnecki* v. *Czarnecki*, 341 Ill. 629; *Meyer* v. *Meyer*, 255 id. 436; *Giesler* v. *Giesler*, 336 id. 410; *Lewis* v. *Lewis*, 316 id. 447.) Inasmuch as the complaint is silent as to the Berkeley property, the court erred in decreeing its conveyance.

With respect to the Madison street property, the complaint alleged that appellee owned this property at the time of the marriage; that shortly after the marriage appellant requested him to have the property placed in joint tenancy. She often urged him to do so, threatening to have him arrested or placed in a mental institution if he refused, and promising to live with him as a faithful and loving wife if he did; he had the property conveyed to them in joint tenancy October 26, 1934. At the time of her promises she was contemplating abandoning appellee and her promises were a sham and a fraud. She told him her purpose in wanting the property so conveyed was to avoid the expense of probating when one of them died, and that at all times he would remain in complete possession and control of the property. Her answer denied any fraud on her part and asserted the conveyance was appellee's free and voluntary act.

The evidence shows that the parties were married October 12, 1931, at which time she was twenty-nine and he was a great deal older. The record does not show his exact age. They had no children. She had been married once before and since this divorce has again married. On proceedings instituted by appellant, appellee was incarcerated in the Elgin State Hospital April 8, 1933; he was discharged December 14, 1933. She was appointed conservatrix and October 26, 1934, her final report was approved by the probate court of Cook county and by him. All during their married life appellant, alone, managed the financial affairs of the family, and it appears she used some of the money

for purposes contrary to the best interests of appellee. July 23, 1935, she again instituted proceedings to test appellee's sanity, but apparently they were dismissed before trial. There is evidence that for a long time prior to the conveyance in question appellant had lived an adulterous life; at the time of executing the deed appellee said he was willing to make it if she would be "on the square" with him. The evidence further shows that at no time after the conveyance would appellant live with appellee as his wife, but always refused to perform her marital duties, and that she continued her life of adultery. Sometime in the summer of 1935 she left him.

The rule of law applicable to this case was laid down in *Fischer* v. *Fischer,* 245 Ill. 426. We there said: "If the transaction is fair and honest and made in good faith, subsequent acts of misconduct of the wife not in contemplation at the time of the conveyance would probably not warrant a court of equity in decreeing a cancellation of the conveyance. If, however, the transfer is procured by the wife and is attended with circumstances from which it can be reasonably inferred that she contemplated an abandonment of her marital duties after securing such conveyance, a court of equity will grant relief and restore the property to the husband." An examination of the evidence in this cause, much of which is of a very sordid nature, precludes any rational inference that the deed was procured from appellee in good faith and without any thought or contemplation of misconduct by appellant afterward. (*Coonce* v. *Coonce,* 296 Ill. 585.) It is apparent that appellant took advantage of appellee's weakness of mind; that she used part of his money contrary to his best interests and without his knowledge, and that he made the conveyance only after her persistent importunities and threats. One witness testified she said she was going to get everything he had. Appellee stated at the time of the conveyance it was satisfactory with him, provided she would be "on the square"

with him in the future. It is patent she had no intention of abandoning her adulterous life. Never after the conveyance did she carry out her marital duties. Even at that time she was going around with the man to whom she is now married. Our conclusion is that the superior court was warranted in finding the deed to the Madison street property was procured by fraud, and that at the time of its procurement she contemplated further misconduct and an abandonment of her marital duties. The court was correct in ordering her to execute a quitclaim deed to this property

Accordingly, that part of the decree ordering appellant to convey her interest in the Madison street property to appellee is affirmed. That portion of the decree ordering her to convey her interest in the Berkeley property to appellee is reversed and the cause is remanded to the superior court, with directions to modify the decree in conformity herewith.

*Affirmed in part, reversed in part and remanded, with directions.*