(No. 25710.)
MARY PANTANO, Appellee, *vs.* CARMEN PANTANO,
Appellant.

*Opinion filed December 16, 1940.*

BLIM & SCHOLL, for appellant.

EUGENE A. DELSON, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

We allowed Carmen Pantano's petition for leave to appeal from a decree of the superior court of Cook county, which petition was filed pursuant to the provisions of section 76 of the Civil Practice act and rule 29 of this court (Ill. Rev. Stat. 1939, chap. 110, pars. 200 and 259.29.) By the decree Mary Pantano was granted a divorce and appellant was ordered to convey to her his interest in certain real estate.

The only contention of appellant is that the court erred in directing a conveyance of this real estate because no such relief was prayed for in the complaint. The only real estate mentioned in the complaint is described as being located at 1880 Maud avenue, Chicago. The prayer is that appellee "be enjoined and restrained from selling, assigning or conveying or otherwise disposing of his interest in the real estate located at 1880 Maud avenue, Chicago, Illinois." By the decree appellant was ordered to convey to appellee his interest in real estate described as follows: "Sub Lot thirty-nine (39) of Lot four (4) in Block nine (9) of Sheffield's

Addition to Chicago in West Half (W½) of South-east quarter (SE¼) of Section thirty-two (32) Township forty (40) North Range fourteen (14) East of the Third Principal Meridian, together with all buildings and improvements now situated on said land" and "Lots twenty-nine (29) and thirty (30) in Block forty-three (43) in Frederick H. Bartlett's Second Addition to Garfield Ridge, being a subdivision of the West Half (W½) of the West Half (W½) of the Northeast quarter (NE¼) of Section Seventeen (17) Township thirty-eight (38) North, Range Thirteen (13) East of the Third Principal Meridian."

Appellant states that neither of these parcels was mentioned in the complaint and appellee does not specifically contend that either of them is the same piece of property that is described in the complaint as 1880 Maud avenue. She says this property was bought with her earnings and title was taken in joint tenancy but she did not pray that the court decree that appellant convey any real estate or interest therein to her. She prayed that he be enjoined from selling or encumbering his interest in the real estate. There is no prayer that he be compelled to convey it to her. It is obvious that the court had no authority to decree such a conveyance of this property in this state of the record. A court is not warranted in compelling a conveyance of property when no such relief is sought in the complaint. *Walsh* v. *Walsh*, 372 Ill. 254; *Czarnecki* v. *Czarnecki*, 341 id. 629.

That part of the decree ordering appellant to convey the property described therein to appellee is reversed. The remainder of it is affirmed.

*Affirmed in part, reversed in part.*