(No. 26746.—

Veda Anderson, Appellee, *vs.* Charles E. Anderson, Appellant.

*Opinion filed September 25, 1942.*

STANLEY H. GUYER, for appellant.

MILLER & THOMAS, (CHARLES A. THOMAS, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The circuit court of Winnebago county awarded appellee a divorce from appellant on the ground of habitual drunkenness, gave appellee the custody of their ten-year-old daughter LaVonne, and directed the master in chancery to sell 160 acres of appellant's farm land and bring the proceeds into court. Appellant filed a motion to vacate the decree, which was overruled. Appellant perfected an appeal to the Appellate Court from the order overruling the motion to vacate and from the decree granting the divorce. Interlocutory orders granting an injunction restraining appellant from disposing of certain personal property and allowing temporary alimony were entered. The alimony order did not make it a lien on the land. The divorce decree appealed from made no provision for the payment of permanent

alimony. However, it did direct the sale of appellant's freehold interest, thereby divesting him of his freehold. The Appellate Court transferred the cause to this court, a freehold being involved, (314 Ill. App. 140,) and such order is supported by the authorities. *Floberg* v. *Floberg,* 358 Ill. 626; *Lewis* v. *Lewis,* 316 id. 447.

It is claimed the decree was void for want of jurisdiction, therefore subject to collateral attack, and for that reason the motion to vacate should have been sustained. The jurisdictional question challenges that part of the decree which ordered the sale of appellant's lands. Appellant concedes the circuit court may, in the exercise of the jurisdiction it has in divorce matters under the Divorce act, decree that land of the husband be sold but he contends that the power to make such sales is limited in its operation to certain facts and circumstances which do not appear in this record. As will be hereinafter pointed out, we agree the facts do not support the decree in that regard, but such deficiency in pleadings and evidence does not render the decree void and therefore subject to collateral attack. Where a judgment is entered by a court having no jurisdiction to hear and determine the case, it is an absolute nullity and may be attacked at any time and in any proceeding, *(Demilly* v. *Grosrenaud,* 201 Ill. 272,) but where a court has jurisdiction of the subject matter and the parties, its judgment or decree cannot be questioned collaterally no matter how erroneous it may be. (*Sheahan* v. *Madigan,* 275 Ill. 372; *Marsh* v. *Irwin,* 168 id. 50.) In the instant case the circuit court had jurisdiction of the parties and jurisdiction to grant a divorce, award alimony and maintenance and to make a property settlement. It had no authority to decree a sale of appellant's farm land under the circumstances but that did not render the decree void, it was merely erroneous. *Kohl* v. *Montgomery,* 373 Ill. 200.

The record shows the decree was entered July 28, 1941, but appellant contended in his motion and urges on this appeal that it was not entered until the week of August 18.

The motion to vacate was filed September 16, which was more than thirty days after the date of July 28, but within the thirty days from the date appellant contends to have been the correct date. If such contention was sustained, the effect of finality given a decree by the statute after a lapse of thirty days from its entry (Ill. Rev. Stat. 1941, chap. 110, par. 174,) would be overcome and some of the points urged in support of the motion to vacate would be available, having been made within the thirty-day period.

The record showing the date of entry of the decree to be July 28, 1941, imported verity and could not be impeached by oral testimony. When the date of entry of the decree was once incorporated into the record, it was conclusive upon all parties until altered or set aside by a court of competent jurisdiction and all questions relating to the time it was in fact entered must be settled by reference to the record alone. (*Herrington* v. *McCollum,* 73 Ill. 476.) If the date the decree was actually entered was not correctly shown by the record, and if the correction of such became a matter of material inquiry, application should have been made to the court entering the decree to make the record speak the truth. (*Roche* v. *Beldam,* 119 Ill: 320; *Herrington* v. *McCollum, supra.*) Until such an amendment was made of record, the date shown in the record will be held to be conclusive. The grounds urged in support of the motion to vacate the decree, other than the jurisdictional question, were not made prior to the date the decree became final and the motion was therefore properly overruled.

Section 17 of the Divorce Act (Ill. Rev. Stat. 1941, chap. 40, par. 18,) authorizes a court hearing divorce matters to adjust equities that one party may have in the property of the other and to effectuate such adjustment may compel conveyances to be made to the party upon such terms as may be deemed to be equitable. Section 18 vests the court with authority to allow alimony and maintenance, and to require security for payment of same. By section 20 the

court has the power to secure the payment of alimony by decreeing that it shall be a lien on the real estate owned by the person decreed to make the payment.

The jurisdiction of a court hearing divorce matters depends on the grant of the statute and not upon its general equity powers. (*Smith* v. *Smith,* 334 Ill. 370; *Smith* v. *Johnson,* 321 id. 134; *Thomas* v. *Thomas,* 250 id. 354; *Kelley* v. *Kelley,* 317 id. 104; *Trotter* v. *Trotter,* 77 id. 510.) In the absence of statutory authority, a court of equity has no power in divorce proceedings to deal with the separate property of the spouses.

Under the statute of this State, the general rule is that a court hearing a divorce proceeding will not transfer to the wife, who has prevailed in the suit, a fee simple title to real estate of which the husband is seized, unless the wife shows special equities which would justify it. (*Bissett* v. *Bissett,* 375 Ill. 551; *Byerly* v. *Byerly,* 363 id. 517; *Wilson* v. *Wilson,* 102 id. 297; *Ross* v. *Ross,* 78 id. 402.) A claim that arises from the marriage relation alone is not sufficient. If the wife has no other claim than that which arises from the marriage relation, she should not be awarded the real estate of her husband in fee; the usual and proper practice is to give the wife an allowance as alimony, to remain under the control of the court, and not to vest the fee of real estate in her. (*Meighen* v. *Meighen,* 307 Ill. 306; *Shaw* v. *Shaw,* 114 id. 586; *Robbins* v. *Robbins,* 101 id. 416; *Keating* v. *Keating,* 48 id. 241.) Where the wife makes no contribution to the acquiring of the real estate, the court would not be justified, upon granting a divorce to her, in decreeing the title of the husband's land to her except in cases of some special equity arising out of the particular facts in the case. *Lipe* v. *Lipe,* 327 Ill. 39; *Giesler* v. *Giesler,* 336 id. 410; *Soltysik* v. *Soltysik,* 317 id. 247.

Where, however, the wife has from equitable considerations, other and additional interests in her husband's property than such as attach to her status as a wife, as,

for example, if her money came into the hands of the husband and has been invested by him in real estate to which he holds the title, or if her earnings and savings have gone into his possession and aided him in acquiring the real estate, or if the real estate represents the joint earning, work or savings of the parties, the court may properly, when dissolving the marriage relation, decree that the wife shall be vested with the title in fee to such real estate or some other real estate belonging to the husband, in order to effect an equitable and fair adjustment of the property rights of the parties. The right and power of a court of equity under such circumstances to assign to the wife a part of the real estate of the husband in fee has been settled by numerous decisions. (*Champion* v. *Myers,* 207 Ill. 308; *Dinet* v. *Eigenmann,* 80 id. 274; *Wilson* v. *Wilson, supra; Armstrong* v. *Armstrong,* 35 Ill. 109; *Engler* v. *Engler,* 313 id. 527; *Shekerjian* v. *Shekerjian,* 346 id. 101; *Walz* v. *Walz,* 325 id. 553.) Where special equities are claimed justifying the conveyance of the husband's property to the wife, the special circumstances must be alleged in the complaint and established by proof. (*Giesler* v. *Giesler, supra; Lewis* v. *Lewis, supra.*) Relief can be granted only in accordance with the allegations of the complaint sustained by proof.

Appellee does not claim any special equities in appellant's real estate. Her claim is limited to the rights of a wife who is entitled to support and maintenance. The evidence shows that at the time the decree was entered, appellant was in arrears on his temporary alimony payments to the amount of $660 and that appellee's solicitor's fees were $275, but there is nothing in these facts which brings it within the statute authorizing the sale of his real estate, in the manner directed. Evidence was taken in the divorce hearing as to the value of the land and the direction contained in the decree was that the master should receive $10,725 as a minimum price for the land. Since no permanent alimony had been decreed, the only purpose

disclosed by the decree for converting the land into money was to provide a means by which the unpaid temporary alimony and solicitor's fees could be paid and to provide a fund from which permanent alimony could be paid, if and when it was allowed. None of the sections of the Divorce Act authorize such procedure. In that respect the decree was erroneous.

Appellant does not contend on this appeal that the part of the decree which awarded appellee a divorce and gave her the custody of the child should be reversed. Such a position was taken in the trial court but is not briefed or argued here. Under such state of the record it will not be considered. For the reasons assigned, the part of the decree which granted a divorce and gave appellee custody of the child will be affirmed but the part which directed the sale of appellant's real estate will be reversed and the cause remanded with directions to proceed in accordance with the views expressed.

*Affirmed in part, and reversed in part,*
*and remanded, with directions.*