(No. 29111.—)

GRAFTON WARD, Appellee, *vs.* COTTRELL SAMPSON *et al.,*
Appellants.

*Opinion filed November 21, 1945.*

E. W. EGGMANN, of East St. Louis, for appellants.

LOUIS BEASLEY, of East St. Louis, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Grafton Ward, appellee, filed a complaint in the nature
of a bill for review, and the case comes directly to this
court on appeal from a decree entered by the city court of
the city of East St. Louis, on May 17, 1945. In that decree
the court granted a motion for summary judgment on the
part of the appellee herein. There was no testimony taken
on the hearing, the court entering its decree solely on the
pleadings, affidavits, and counteraffidavits of the parties.

It appears from the record that on March 8, 1935, Lola B. Ward filed a bill for divorce against Grafton Ward in the city court of East St. Louis, in which she alleged that she and her husband were married on January 5, 1921, and that from that day until about March 6, 1935, lived and cohabited together as husband and wife. In the bill she charged her husband with adultery and with wilfully and maliciously threatening her life. In her bill she also charged that she and her husband were the owners of real estate described as "the property located at 1711 Tudor Avenue, situated in the City of East St. Louis, County of St. Clair, and State of Illinois." The bill for divorce prayed for the dissolution of the marriage and that the husband be ordered to pay such sum in the nature of alimony for her support and maintenance as the court should deem reasonable and just and that she have such other and further relief in the premises as equity may require and to the court should seem meet. Included also in the divorce bill was a prayer for an injunction restraining the husband from selling or disposing of any real or personal property and enjoining him from molesting or interfering with the wife in peacefully occupying the property at 1711 Tudor avenue or in any way doing bodily harm or injury to her. Grafton Ward, after first having obtained leave to answer as a poor person, filed an answer in the proceeding on March 19, 1935. In this answer he denied the charge of adultery and denied that he was guilty of extreme and repeated cruelty and asked that the temporary injunction be dissolved and requested a jury trial.

The divorce case was called for trial on December 19, 1935. The attorney for the defendant moved for a continuance which was denied by the court. The court in its decree states that the jury was waived and the cause heard by the court on bill and answer. The court then found that the defendant had been guilty of wilful desertion without any reasonable cause for a space of more than one year imme-

diately prior to the filing of the bill and entered an order granting the divorce. By this 1935 decree the court further decreed that the wife have certain personal property and that she have free and clear of any claim or interest of the defendant the following real estate: "Lots Twelve (12) and Eleven (11) of Block Two (2) of Dexter's Third Addition of the City of East St. Louis, known as 1711 Tudor Avenue." The defendant was ordered to convey any and all title he had in said real estate within 30 days and, in default thereof, the master in chancery was ordered to convey the title of the defendant to the complainant. No appeal or other proceedings were taken by Grafton Ward in connection with this decree until the filing of the bill in this proceeding.

Lola B. Ward continued to occupy the premises until her death on December 8, 1939. Since December 8, 1939, Cottrell Sampson, a son of Lola B. Ward by a former marriage, has occupied the premises in question.

The original complaint in the case at bar was filed on July 14, 1943, and personal service of summons secured on the defendant Cottrell Sampson. Later, Alvanette Sampson, a daughter of a deceased son of Lola B. Ward, entered her appearance in the proceeding. No pleading was filed to the original complaint, but approximately a year later, on June 26, 1944, Grafton Ward filed a second amended complaint to which he attached, as exhibits, copies of the 1935 bill for divorce and the decree therein.

In his second amended complaint, Ward alleged that he and his former wife, Lola B. Ward, became the owners in joint tenancy of the "N.W. One-half (½) of Lot Eleven (11) in Block Two (2) of Dexter's Third Addition to the City of East St. Louis and Lot Twelve (12) in Block Two (2) in the same addition;" that after purchasing the above property he made valuable improvements thereon and that he and his former wife for a number of years occupied it as their residence; that he paid the entire consideration

and that title was placed to the premises in joint tenancy for the reason that he and his wife had no children and in case of the death of himself it was intended that the wife should have the premises and in case of the death of the wife it was intended that he, the husband, should have the premises; that no amended complaint was ever filed in the divorce action begun by his wife; that in the divorce action the wife did not ask the court to decree or award to her any of his right, title or interest in the above-described premises; that the only relief prayed for by the wife was an injunction against him from encumbering, selling or otherwise disposing of his real or personal estate and that no other or further relief was prayed concerning the real estate; that thereafter the divorce action was heard without any amendments or changes and that said Lola Ward did not offer any testimony of desertion, which was not charged in the complaint or any amendment thereto, and that on December 19, 1935, the city court of East St. Louis pretended to have granted a decree of divorce on the grounds of wilful desertion without any charge of desertion in said complaint against him. The plaintiff in his second amended complaint further alleged that in its former decree the city court of East St. Louis had pretended to order the defendant in said cause, who is the plaintiff here, to convey all title to all of lots 11 and 12 in block 2 of Dexter's Third Addition to the city of East St. Louis; that there was no prayer in the complaint asking the court to enter such an order and no showing that the defendant in the former cause was the owner or had any interest in lots 11 and 12 aforesaid; that because the decree does not conform to either the allegations or the proof, the court was without jurisdiction to enter the order requiring the defendant to make the above-described conveyance; that he had no knowledge or notice of the provisions contained in the former decree with reference to the transfer of his interest in the real estate and that

at the time of the death of Lola B. Ward the title to the premises in question here stood in the name of the plaintiff here and Lola B. Ward as joint tenants and that the defendant herein, Cottrell Sampson, has no interest in and to the premises.

In the second amended complaint Ward also alleges an agreement between himself and Lola B. Ward, at the time of the filing of the complaint for divorce and at all times subsequent thereto, that the title should remain in joint tenancy and that Lola B. Ward should occupy the premises as her home and place of residence as long as she lived and that the plaintiff herein was to pay the taxes thereon; that in pursuance of such understanding and agreement, Lola B. Ward did continue to remain in occupancy until her death and that the plaintiff herein paid the taxes. There were further allegations that neither the defendant, Cottrell Sampson, nor any other person has any right, title or interest in and to the premises or any part thereof and that the decree entered on December 19, 1935, constitutes a cloud upon the plaintiff's title.

In this second amended complaint Ward asked for an accounting with Cottrell Sampson for the use and occupancy of the premises since the death of Lola B. Ward; that the court find and decree that the previous orders entered by it constitute a cloud upon his title and enter a decree ordering the said cloud to be removed and finding that he, the plaintiff, is the sole owner of said premises; and that Cottrell Sampson be ordered to vacate the premises and to surrender possession thereof. By their answer the defendants admitted the purchase of the real estate by the plaintiff and Lola B. Ward as joint tenants. The other allegations in the complaint were denied by defendants with the exception as to the facts of the former divorce proceedings being had and the correctness of the former complaint and decree, attached to the complaint as Exhibits "A" and "B." The defendants denied the

legal effect of the divorce proceedings, maintaining that Lola B. Ward was effectively divorced from the plaintiff herein and vested with title to the property. They admitted that the former decree, through error, misdescribed the property owned by Grafton Ward and his wife.

In addition to their answer, the defendants filed a counterclaim and amended counterclaim. The amended counterclaim alleged that they are the sole and only heirs of Lola B. Ward, deceased; that by virtue of the former divorce proceedings, the complaint and decree in which were attached to the amended counterclaim as Exhibits "A" and "B," they became and were entitled to receive from Grafton Ward a good and sufficient deed of conveyance of all the right, title and interest owned by said Ward at the time of the entering of the order in the former proceedings and that the order entered therein divested him of all interest in said real estate; that no appeal was taken by him in the former proceedings; that he has been guilty of *laches* in the matter and that the plaintiff refuses to comply with the order of the court in the former proceedings and that the former order should now be enforced against him. The prayer of the counterclaim was substantially that the former order of the court be modified so as to correctly describe the real estate, that Grafton Ward be required to convey to the counterclaimants, as heirs of Lola B. Ward, the property here in question, and that the court decree title to the property in the counterclaimants.

On August 28, 1944, Grafton Ward filed his motion for summary judgment in which he asked the court to find, among other things, that the divorce decree of December 19, 1935, was void; that the recording of the pretended decree of December 19, 1935, constitutes a cloud upon his title; that said cloud should be removed from the record; that he, the plaintiff, is the sole owner of the real estate in question; and that the defendants have no right or title to or interest therein; that they are unlawfully withhold-

ing possession from him and that a writ of assistance issue to assist in obtaining possession. To this motion the plaintiff attached certified copies of the former complaint and decree, together with his affidavit and the affidavit of the clerk of the city court of East St. Louis. The latter affidavit set out that the clerk had made a search of the records in his office pertaining to the former divorce suit and that no amendment was ever made to the original complaint filed by Lola B. Ward.

Thereupon the defendants and counterclaimants filed their motion for summary judgment on the counterclaim, and they attached thereto the affidavit of defendant Cottrell Sampson. The plaintiff filed a motion to strike both the countermotion of the defendants and the counteraffidavit.

The court on May 17, 1945, after considering the motions and briefs of the respective parties, entered the decree from which this appeal was taken. By this decree the court found that it had exceeded its jurisdiction in entering the former order of March 8, 1935, and that the portion of the decree vesting the title to the property in question here in Lola B. Ward was void as being beyond the jurisdiction of the court; that the pretended decree of December 19, 1935, constituted a cloud upon Grafton Ward's title, and that said cloud should be removed. The decree further found Ward the sole owner of the property in question and that the defendants have no right or title thereto or interest therein. The decree ordered the record of the former decree to be removed, decreed Ward the sole owner of the property, and further ordered the defendants to surrender possession of the premises and, upon their failure to so do, directed the issuance of a writ of assistance.

Both appellants and appellee have assigned numerous points and suggestions in connection with the appeal herein. One of the errors relied upon for reversal is the general one that the trial court erred in entering judgment in favor

of the plaintiff and decreeing and granting plaintiff's motion for summary judgment. We have examined the various points made by the parties thereto but, in the view which we take of this matter, it is unnecessary for us to discuss the different propositions and authorities cited thereunder. While this particular question does not seem to have been discussed by appellants in their briefs, it is apparent to us that the decree of the lower court must be reversed for the reason that the subject matter of the case at bar is not such as is susceptible to a summary proceeding under our statutes.

Under the early Chancery Act it was provided that equity causes might be heard on bill and answer, and that practice has never been formally discontinued. However, the parties to this suit have not elected to adopt that form of procedure.

While the adoption of the Civil Practice Act and its various amendments has enlarged the scope and operation of summary-judgment proceedings, the procedure has been a part of our statutory practice for a considerable time. Summary-judgment proceedings are authorized and controlled by section 57 of the Civil Practice Act as amended July 21, 1941, (Ill. Rev. Stat. 1943, chap. 110, par. 181,) and Supreme Court Rules 15 and 16. Ill. Rev. Stat. 1943, chap. 110, pars. 259.15 and 259.16.

The pertinent part of section 57 of the Civil Practice Act is as follows: "(1) subject to rules, if, in any action (including a counterclaim) at law or in equity, (a) upon a contract, express or implied; or (b) upon a judgment or decree for the payment of money; or (c) to recover possession of land, with or without rent or mesne profits; or (d) to recover possession of specific chattels, the claimant shall file an affidavit or affidavits on the affiant's personal knowledge, * * *." The section manifests an intention to limit summary procedure to cases simple in their nature.

It is apparent, therefore, that the method of proceedings by way of summary judgment is not available to the plaintiff or, for that matter, in this case to the counterclaimant unless the original cause or counterclaim is of such a nature as to fall within one of the above four statutory classifications.

. While section 57 of the Civil Practice Act and the complementing Supreme Court rules have been construed by the courts of this State on several occasions, (*Diversey Liquidating Corp.* v. *Neunkirchen,* 370 Ill. Ill. 523; *Shirley* v. *Ellis Drier Co.* 379 Ill. 105; *Gliwa* v. *Washington Polish Loan and Bldg. Ass'n,* 310 Ill. App. 465, (leave to appeal denied,) the question whether the cause of action is embraced within the statutory provisions has not heretofore been involved on appeal in this State. An examination of former cases shows that the cause of action in each was obviously and directly within the statutory classifications.

An examination of the second amended complaint and the affidavit filed in support thereof in the case at bar indicates that the nature of the cause of action is threefold, (1) the plaintiff is asking for relief in the nature of a bill of review to set aside and expunge a former order of the city court of East St. Louis entered more than eight years before the instant proceedings were begun; (2) he is further seeking, in the nature of a bill to quiet title in himself, the removal of an apparent cloud upon his title; and (3) he seeks to recover possession of land.

It seems apparent that the intent and purport of the statute do not contemplate summary judgment proceedings in cases in the nature of a bill of review nor those in the nature of a bill to quiet title. The third aspect of the complaint herein, if standing alone, would, we feel, come within the requirements of the statute. The trial court, however, is asked to enter a decree on all three aspects of the case. We are of the opinion that it was an error for

the trial court to grant the motion of the plaintiff in this case for summary judgment.

What we have said concerning the motion of the plaintiff for summary judgment applies in this case equally well to the counterclaim and motion for summary judgment on the part of the defendants, which also consists almost entirely of conclusions in violation of Rule 15 of this court.

The decree of the city court of East St. Louis is reversed and the cause remanded, with directions to dismiss motion of plaintiff for summary judgment.

*Reversed and remanded, with directions.*