(No. 29704.—
GRAFTON WARD, Appellee, *vs.* COTTRELL SAMPSON *et al.*— (COTTRELL SAMPSON, Appellant.)

*Opinion filed November 20, 1946.*

E. W. EGGMAN, of East St. Louis, for appellant.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal is the sequel to *Ward* v. *Sampson,* 391 Ill. 585. The pleadings are summarized in our opinion upon the former appeal. Plaintiff's motion for summary judg-

ment was granted. The resultant decree was reversed because the subject matter of the cause is not susceptible to a summary proceeding under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1945, chap. 110, par. 181,) and Supreme Court Rules 15 and 16, (Ill. Rev. Stat. 1945, chap. 110, pars. 259.15 and 259.16,) and the cause remanded to the city court of East St. Louis, with directions to dismiss plaintiff's motion for summary judgment. Conformably to our mandate, the cause was redocketed in the city court. Grafton Ward is the plaintiff, and Cottrell Sampson and Alvanette Sampson Love are the defendants and counterclaimants. Upon the remandment, defendants filed an amended joint answer to plaintiff's second amended complaint and, also, their counterclaim. Plaintiff answered the counterclaim. Evidence was heard and a decree was entered on April 10, 1946, in favor of plaintiff and against defendants. Cottrell Sampson, one of the defendants, prosecutes this appeal.

From the pleadings and the evidence it appears that plaintiff and Lola B. Ward were married on January 5, 1921. Thereafter, plaintiff purchased a modest dwelling in East St. Louis, and title was taken in the names of himself and his wife as joint tenants. On March 8, 1935, Lola B. Ward filed her complaint for divorce in the city court of East St. Louis. The complaint states a cause of action. Lola B. Ward alleged that her husband and she lived together until March 6, 1935. Two grounds for divorce were charged, namely, adultery and extreme and repeated cruelty. Ownership of the property located at 1711 Tudor Avenue, in East St. Louis, and then valued at about $1500, was alleged. The relief asked was (1) dissolution of the marriage, (2) payment of temporary alimony, costs, and solicitor's fees during the pendency of the action, (3) additional solicitor's fees upon a final hearing, and (4) such other and further relief as equity might require. Her complaint concluded with a prayer for the issuance of

an injunction to restrain Ward from encumbering or selling any of his real or personal property and, also, from molesting or interfering with her in the peaceful occupancy of the property at 1711 Tudor Avenue, or in any way doing bodily harm or injury to her. The complaint was not amended. Defendant's answer stated that permission had been granted him to plead as a poor person, denied the material allegations of his wife's complaint, averred that he had been deprived of a home and a place to stay by a temporary injunction, and asked its dissolution and for permission to make his home in a part of the property until a determination of the rights of the parties. The decree entered on December 19, 1935, awarding Lola B. Ward a divorce, recites that defendant appeared by his attorney, made a motion for a continuance which was denied, that a jury was waived, and the cause heard on the bill and answer. The decree found that the court had jurisdiction of the parties and the subject matter, that residence requirements had been satisfied, and that "the defendant [Ward] has been guilty of wilful desertion and absented himself from the plaintiff without any reasonable cause for the space of more than one year immediately prior to the filing of the bill of complaint in this cause." The decree awarded all the household and kitchen furniture to Lola B. Ward and adjudged that she have the property described as "Lots twelve (12) and eleven (11), of Block Two (2) of Dexter's Third Addition in the City of East St. Louis, commonly known as 1711 Tudor Ave.," free and clear of any claim or interest of Ward. The latter was directed to convey any and all title he then had to Lola B. Ward within thirty days and, in the event of his failure so to do, the master in chancery was directed to give the title of Grafton Ward to Lola B. Ward.

For four years after the entry of the divorce decree, Lola B. Ward occupied the property at 1711 Tudor Avenue, East St. Louis, as her home. Plaintiff did not convey his

title in the property to her, as directed by the decree of December 19, 1935. Nor did the master in chancery execute a deed giving Ward's title to Lola B. Ward. On December 8, 1939, the day Lola B. Ward died, title to the property still stood in the names of Grafton Ward and Lola B. Ward, as joint tenants. The heirs-at-law surviving Lola B. Ward are Cottrell Sampson, a son by a previous marriage, and Alvanette Sampson Love, a daughter of a deceased son. After his mother's death, Cottrell Sampson occupied the property. On July 14, 1943, the plaintiff, Grafton Ward, instituted the present proceeding by filing his complaint against the defendant Sampson. Later, Alvanette Sampson Love entered her appearance as a defendant. The relief sought by plaintiff's second amended complaint was the entry of a decree (1) finding the amount due to plaintiff from Sampson for the use of the property since the death of Lola B. Ward in 1939; (2) removing the divorce decree of 1935 from the records in the office of the recorder of deeds of St. Clair county as a cloud upon plaintiff's title; (3) adjudging him the sole owner of the property, and (4) ordering Sampson to surrender possession to him. The parties agree that plaintiff and Lola B. Ward owned only the northwest half of lot 11, instead of the entire lot, as described in the divorce decree. So far as the southeast half of lot 11 is concerned, the divorce decree of December 19, 1935, is admittedly void. By their counterclaim, defendants sought the entry of a decree requiring plaintiff to carry into effect the decree entered in the divorce action; that, in particular, he be ordered to convey the property, according to its correct legal description, to defendants as the sole heirs-at-law of Lola B. Ward; that they, defendants, be adjudged the sole owners of the property, and that plaintiff be held to be without any interest or claim in and to the property.

The decree of April 10, 1946, entered upon the remandment of the cause, so far as material, found that Lola B.

Ward, in her complaint for divorce did not allege any special circumstances or facts entitling the court to award her the interest of her husband in the property; that the decree remained in full force and effect on December 8, 1939, when Lola B. Ward died; that, at the time of her death, she and plaintiff were the owners, as joint tenants, of the property and that, upon her death, plaintiff became vested with the title to the premises as sole owner, and that the divorce decree appearing of record in the office of the clerk of the city court of East St. Louis and, also, in the office of the recorder of deeds of St. Clair county constitutes a cloud upon his title and should be removed from the respective records. Accordingly, the decree ordered the record of the divorce decree in the offices of the recorder of deeds and of the clerk of the city court of East St. Louis removed from the records, thereby freeing plaintiff's title from the cloud created by the recording of the decree; adjudged plaintiff the sole owner of the property and entitled to immediate possession, and that defendants have no right, title, or interest in and to the property, and commanded Sampson to surrender possession within fifteen days and, upon his failure so to do, directed the issuance of a writ of assistance. This appeal by Sampson followed.

Cottrell Sampson, who will be referred to hereafter as the defendant, treats plaintiff's second amended complaint as a bill of review. Plaintiff has not filed a brief upon the present appeal. As we stated upon the former appeal (*Ward* v. *Sampson,* 391 Ill. 585,) the nature of the cause of action is threefold: First, plaintiff asks relief in the nature of a bill of review to set aside and expunge a former order of the city court of East St. Louis entered eight years prior to the filing of the complaint in the present proceeding, second, plaintiff seeks, in the nature of a bill to quiet title in himself, the removal of an apparent cloud upon his title and, third, he seeks to recover pos-

session of improved real estate. Seeking a reversal of the decree of April 10, 1946, defendant invokes the familiar rule that a bill of review, or a bill in the nature of a bill of review, can be brought only within the time allowed for perfecting an appeal or suing out a writ of error. (*Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588.) Section 76 of the Civil Practice Act, (Ill. Rev. Stat. 1935, chap. 110, par. 200,) in force at the time the divorce decree was entered, limited the time within which an appeal may be perfected, as a matter of right, to ninety days, and, upon leave granted, to one year after the entry of the decree. If the complaint be deemed a bill of review, it was not filed in apt time.

Two exceptions to the rule that a judgment cannot be assailed after the expiration of the time for appeal or suing out of a writ of error are, first, where the court was without jurisdiction to render the judgment entered and, second, where the judgment was obtained by fraud. (*Thayer* v. *Village of Downers Grove,* 369 Ill. 334; *Village of Dolton* v. *Dolton Estate,* 331 Ill. 88; *People ex rel. Kilduf* v. *Brewer,* 328 Ill. 472.) There is no claim that the decree in the divorce case was obtained by fraud. Again, a void judgment or order may be vacated at any time and the doctrines of *laches* and estoppel do not apply. *Thayer* v. *Village of Downers Grove,* 369 Ill. 334.

Defendant also maintains that it is indispensably necessary to the sufficiency of a bill of review that a copy of the bill, answer, replication and decree in the proceedings sought to be reviewed should be given. (*Cox* v. *Lynn,* 138 Ill. 195; *Davis* v. *Oliver,* 304 Ill. App. 71.) Plaintiff's complaint incorporated the complaint for divorce and the decree rendered. Defendants supplied the answer to the complaint in their answer to plaintiff's pleadings in the present cause. The "record" or "complete record" consists of pleadings, process, verdict of the jury and judgment or decree of the court. (*Cullen* v. *Stevens,* 389 Ill.

35.) The record of the divorce action was before the court in the present cause. In *Vyverberg* v. *Vyverberg*, 310 Ill. 599, this court observed: "The questions open for examination are such questions as arise on the pleadings, proceedings and decree. [Citation] The question is not whether the facts found in the decree under review are in accordance with the evidence, but whether the court correctly applied the law to the facts found by it. If the findings of the court upon matters of fact are not supported by the evidence, the remedy is by appeal or writ of error and not by a bill of review."

Plaintiff's cause of action, irrespective of whether his complaint be deemed in the nature of a bill of review, in the nature of a bill to quiet title, or to recover possession of land, is predicated upon the theory that the divorce decree of 1935 is void and subject to collateral attack in the present action commenced eight years afterwards. Plaintiff is entitled to relief only if the divorce decree be deemed void. Conversely, defendant's counterclaim rests upon the proposition that the decree is not subject to collateral attack. The precise question thus presented for decision is whether the city court of East St. Louis had jurisdiction to enter the decree of divorce of December 19, 1935, in favor of Lola B. Ward and against her husband, Grafton Ward.

In its application to courts, jurisdiction is the authority to hear and determine causes of action of the general class to which the particular cause belongs. In its application to a certain controversy, jurisdiction is the right to hear and determine that controversy. (*Ashlock* v. *Ashlock*, 360 Ill. 115.) Jurisdiction of the subject matter and of the person is each a prerequisite to the validity of a divorce decree. Jurisdiction of courts of equity to hear and determine divorce cases is conferred only by statute, and while such courts may exercise their powers within the limits of the jurisdiction conferred by the statute, the jurisdiction depends upon the grant of the statute, and not upon gen-

eral equity powers. (*McFarlin* v. *McFarlin*, 384 Ill. 428; *Johnson* v. *Johnson*, 381 Ill. 362; *Anderson* v. *Anderson*, 380 Ill. 435; *Smith* v. *Smith*, 334 Ill. 370.) The city court of East St. Louis is authorized to hear divorce cases. It had jurisdiction of the persons of the parties in the divorce proceeding initiated by Lola B. Ward. Jurisdiction of the subject matter was acquired by statute and of the particular proceeding upon the filing of the complaint for divorce. The judgment of a court which has jurisdiction of the subject matter and of the parties and possesses the power to render the particular judgment, even though erroneous, is immune from collateral attack. (*Woodward* v. *Ruel*, 355 Ill. 163.) The question remains as to whether the city court of East St. Louis had jurisdiction to render the particular decree entered.

Where the court entering a judgment exceeds its jurisdiction and the judgment or decree transcends the statute conferring jurisdiction on the court, the judgment or decree is void, and may be collaterally impeached or set aside on motion· after the time for review by appeal has expired. (*Sweitzer* v. *Industrial Com.* 394 Ill. 141; *Herb* v. *Pitcairn*, 384 Ill. 237; *Flake* v. *Pretzel*, 381 Ill. 498; *Thayer* v. *Village of Downers Grove*, 369 Ill. 334; *Armstrong* v. *Obucino*, 300 Ill. 140.) This rule does not aid plaintiff for the reason that the court did have jurisdiction to enter a decree for divorce and the decree entered was a ·decree granting his wife a divorce from him upon a finding of one of the statutory grounds for divorce. There was, without question, a variance between the pleadings and the decree. In particular, the allegations of the complaint and the findings of the decree did not correspond. This being so, had plaintiff appealed from the divorce decree, he would have been entitled to a reversal of the decree on this ground, alone. The authorities establishing the principle that the pleadings, proof, and decree must correspond do not hold that the decree is void. It is merely erroneous.

(*Fisher* v. *Burks,* 274 Ill. 363; *Leahy* v. *Nolan,* 261 Ill. 219.) The decree was rendered by a court having jurisdiction of the persons and of the subject matter, and is not subject to attack in a collateral proceeding. *Knaus* v. *Chicago Title and Trust Co.* 365 Ill. 588; *Miller* v. *Rowan,* 251 Ill. 344.

*Armstrong* v. *Obucino,* 300 Ill. 140, does not assist plaintiff. There, a mechanic's lien was acquired after the Mechanics Lien Act was amended in 1917 providing that no sale should be made until after the period of redemption. The decree attacked authorized a sale under the statute as it existed prior to the amendment and which permitted a sale subject to redemption. Under these circumstances, both the sale and the deed issued thereunder were void, notwithstanding the purchaser was not a party to the proceeding. The decree was directly contrary to the statute and transcended in its extent and character the law governing sales for the enforcement of liens. Consequently, the decree was void and subject to collateral attack.

Nor does *People ex rel. Kilduff* v. *Brewer,* 328 Ill. 472, support plaintiff. The contention was made in the case cited that the county court never acquired jurisdiction and, for this reason, its order approving a certificate of completion and acceptance under the Local Improvement Act was held subject to collateral attack. The certificate was issued by the council of the city of Ottawa and not by the board of local improvements of the city, as required by the statute. The principal point at issue, so far as the question of jurisdiction was concerned, was the method of acquiring jurisdiction. No question is presented here with respect to the matter of acquiring jurisdiction of the divorce cause. The city court of East St. Louis properly acquired jurisdiction of the divorce proceeding. In *People* v. *Brewer,* this court said, "The finality attributed by appellant to the order of the county court depends upon its acquiring the power to make the order upon the record

presented to it. If it could not legally hear the matter upon the jurisdictional paper presented, its finding that it had the power can add nothing to its authority,—it had no authority to make that finding." In the present case, the court did have authority to enter a decree for divorce on the ground of desertion. It likewise had the authority to enter a decree on grounds either of adultery or extreme and repeated cruelty, as charged in the complaint for divorce. The situation presented is that a decree of divorce was entered with a finding of fact not in harmony with the allegations in the complaint. A concession that the decree was erroneous in this regard and subject to reversal upon a direct appeal cannot avail plaintiff, as the power and authority to enter a decree necessarily includes the power and authority to enter an erroneous decree.

A bill of review cannot be made to perform the function of an appeal or writ of error. Technically, plaintiff's complaint, if it be deemed a bill of review, seeks the correction of errors of law alleged to be apparent on the face of the divorce decree. Errors in a decree resulting from mistaken judgment going only to the correctness of the court's decision may not, however, be made the basis upon which equitable relief by way of a bill of review may be granted. (*Regner* v. *Hoover,* 318 Ill. 169.) An attack on a decree by a bill of review is collateral; the question is not whether the facts found in the decree under review are in accordance with the pleading and evidence but is one of law. In *Regner* v. *Hoover,* 318 Ill. 169, this court said: "Counsel contends that relief in this case should be granted because, it is argued, the pleadings did not justify the decree. It is evident that the court had jurisdiction of the parties and of the subject matter, and where this is so its decree will not be set aside in a proceeding of this character on the allegation that it is not sustained by the pleadings. That is a question which can be reviewed by appeal or writ of error. Errors which present questions of

procedure and not jurisdiction, and do not reach the matter of the right of the court to hear and decide a cause, go only to the question of the correctness of the court's decision and are not open on a bill of review."

Again, in *Vyverberg* v. *Vyverberg*, 310 Ill. 599, this court said: "The appellee contends that the decree is void because the bond given by the petitioner was not such as the statute required, and that, even if the court had jurisdiction of the parties and the subject matter, its decree exceeded its jurisdiction since the court was exercising a special statutory jurisdiction, which authorized the rendition of a decree upon certain conditions which must appear before the court has jurisdiction to order the sale. The jurisdiction of a court in the exercise of special authority conferred by statute must be made to appear by its record, but the jurisdiction of a court in the exercise of such special authority is complete, and its orders, when they appear to be entered in the exercise of such jurisdiction, are entitled to as full faith and credit as those of a court of general jurisdiction." Manifestly, the fact that divorce proceedings are created by statute and that the court does not exercise general equitable powers in such proceedings, (*Anderson* v. *Anderson,* 380 Ill. 435,) does not sustain plaintiff in the case at bar.

The second question presented for decision is whether the portion of the divorce decree directing plaintiff to convey his interest in the property to Lola B. Ward was void or merely erroneous. Plaintiff's complaint is based, in part, upon the theory that the city court of East St. Louis was without power to compel a conveyance, as ordered by the decree, for the reason that the complaint for divorce did not seek a conveyance of the property. We have this day, upon a direct appeal, (*Skoronski* v. *Skoronski, ante,* p. 301,) reaffirmed the familiar rule that in order, in a divorce action, to warrant the court to direct a conveyance of property from one party to the other, there must ·be special circumstances and existing equities to justify the

conveyance, and such special circumstances and equities must be alleged in the complaint. *Pantano* v. *Pantano, 375* Ill. 215; *Czarnecki* v. *Czarnecki,* 341 Ill. 629; *Giesler* v. *Giesler,* 336 Ill. 410; *Lewis* v. *Lewis,* 316 Ill. 447.

Lola B. Ward's complaint for divorce alleges merely that she and Ward owned the property in question. No special equities are alleged. Under section 17 of the Divorce Act which authorizes the court to compel conveyance of property held in the name of another if it shall appear to the court that either party holds title to what equitably belongs to the other (Ill. Rev. Stat. 1945, chap. 40, par. 18,) not only must there be an allegation in the complaint, but a decree cannot be rendered upon facts shown by the evidence unless such facts are alleged in the complaint. (*Lipe* v. *Lipe,* 327 Ill. 39.) Relief can be granted only in accordance with the allegations of the complaint, sustained by the evidence. Conversely, a decree cannot be rendered upon facts shown by the evidence to warrant relief unless those facts are alleged in the complaint for divorce. (*Higgins* v. *Higgins,* 219 Ill. 146.) These rules rest upon the general proposition that the pleadings, proof and decree must correspond. Upon a direct appeal, the portion of the divorce decree directing a conveyance of plaintiff's interest in the property to his wife would have afforded adequate ground for a reversal. The court did, however, as recounted, have jurisdiction of the parties and the subject matter, and, further, it had jurisdiction to grant a divorce. This being so, the fact that the divorce decree directed a conveyance of the husband's real estate under circumstances which did not warrant such relief did not render the decree void for want of jurisdiction. The decree is, hence, immune to collateral attack. (*Anderson* v. *Anderson,* 380 Ill. 435.) In the *Anderson case,* we held that where a court has jurisdiction of the parties and jurisdiction to grant a divorce, the fact that it orders a sale of the husband's land under circumstances which do not war-

rant such decree does not render the decree void for want of jurisdiction and therefore subject to collateral attack by a motion to vacate made more than thirty days after the record date of the entry of the decree. We said: "It [the circuit court] had no authority to decree a sale of appellant's farm land under the circumstances but that did not render the decree void, it was merely erroneous."

The question remains whether the trial court, in the present proceeding, has the power and authority to enforce and execute its divorce decree entered in 1935. This issue has been decided in the affirmative. (*Kohl* v. *Montgomery*, 379 Ill. 579.) It is immaterial what form an action to execute a decree takes, as it is a dependent action and will be considered for what its allegations declare it to be, and it may be brought by a party to the action in which the decree was rendered or by one in privity with him. (*Oberein* v. *Wells*, 163 Ill. 101.) In the case cited, this court said, "A bill to carry a decree into execution is proper, where, after a decree has been pronounced, it has happened that, owing to some neglect of the parties to proceed upon the decree, their rights have becomes so embarrassed by subsequent events that no ordinary process of the court upon the first decree will serve, and it is therefore necessary to have another decree of the court to ascertain and enforce them." Privity of estate is present here, as Cottrell Sampson and Alvanette Sampson Love, the only heirs-at-law of Lola B. Ward, insist, by their counterclaim, that the divorce decree should now be executed by an order directing plaintiff to convey the property to them as tenants in common. They are entitled to the relief sought, particularly since there are no intervening rights of other parties to affect the situation and where, had the divorce decree been executed, title to the property would have passed to them in 1939 when Lola B. Ward died. They have properly invoked the maxim that equity

considers that as done which ought to be done. *Kohl* v. *Montgomery*, 379 Ill. 579.

The decree of the city court of East St. Louis is reversed and the cause remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*